W. M. BARNES, Appellant, v. THE CONTINENTAL
INSURANCE COMPANY OF THE CITY OF
NEW YORK, Respondent.

St. Louis Court of Appeals, April 24, 1888.

1. INSURANCE—SUSPENDED POLICY.—Where a fire insurance policy is
for a term of five years, a premium note being given for the entire
term, payable in annual instalments, with a stipulation that upon
failure by the insured to pay any instalment when due, the com-
pany shall not be liable for loss during such default, the insured
cannot recover for a loss which occurred after an instalment had
become due, and while it remained unpaid.

2. —— WAIVER OF SUSPENSION—EVIDENCE.—When it is stipulated
that no condition or restriction contained in the policy shall be
waived, except in the manner set out in the contract, such
stipulation will be rigidly enforced, and evidence tending to prove
alleged waivers by means other than those so stipulated for, is
properly excluded. Nor is evidence admissible for the purpose of
showing a customary laxity in the company's collections of
premium instalments, or that the same were habitually collected
in small sums and at long intervals after due.

3. —— CONTRACTS VOLUNTARY AND BINDING.—Insurance contracts
are voluntary as to both parties, and may make of binding force
any stipulation for a conditional suspension of liability for loss, or
any lawful condition which both parties are willing to be bound by
when they make the contract.

APPEAL from the Webster Circuit Court, HON. W.
I. WALLACE, Judge.

*Affirmed.*

RUSH & PHELPS and DYER, LEE & ELLIS, for the
appellant: The harmonious construction of the several
provisions of the policy and instalment note shows
that this was not an absolute policy of insurance for
five years, but a policy for one year which might be
renewed at the expiration thereof, yearly, for a period
not exceeding in all five years. *Ins. Co. v. Stoy*, 41
Mich. 385; *Yost v. Ins. Co.*, 39 Mich. 531; May on Ins.,
sec. 341a. In order to cancel the policy, they, by its

terms, were obliged to return the unearned premiums, which it is not pretended was done. *Powell v. Ins. Co.*, 28 La. Ann. 19; *Pelkington v. Ins. Co.*, 55 Mo. 172. This action of the company was also a construction of the contract by them and shows that they did not regard the payment of the instalment note, before the expiration of the year for which the premium had been paid, as of the essence of the contract. By their acts and conduct, therefore, both parties have so construed the policy and so it should be construed by the court. *Thompson v. Ins. Co.*, 52 Mo. 469. The letter from respondent to appellant, dated March 15, 1885, tended to prove that, up to that time, respondent had not yet determined to take advantage of the cause of forfeiture, but had waived the same. *Hawthorne v. Ins. Co.*, 5 Mo. App. 73; *Hanley v. Ins. Co.*, 4 Mo. App. 253; *Ins. Co. v. Warner*, 80 Ill. 410. "An action upon a policy of insurance will not be defeated by the fact that the premium was unpaid at the time of the fire, if the acts of the company prior thereto show an intention on its part to treat it as valid and to enforce payment of the overdue premium." *Robinson v. Ins. Co.*, 18 Hun, 395; *Johnson v. Ins. Co.*, 79 Ky. 403; May on Ins., sec. 361; *Tripp & Bailey v. Ins. Co.*, 55 Vt. 100; *Ins. Co. v. Lester*, 62 Ga. 247; *Thompson v. Ins. Co.*, 52 Mo. 469; *Viele v. Ins. Co.*, 26 Iowa, 9. "Evidence is admissible on behalf of plaintiff to show a custom or usage among insurance companies to receive premiums within a reasonable time after they fall due under policies similar to that in suit, notwithstanding the policies contain a clause of forfeiture for non-payment of premiums on the very day they are due." *Ins. Co. v. Ins. Co.*, 97 Pa. St. 15; *Helme v. Ins. Co.*, 61 Pa. St. 107. A waiver of the payment of premium may be inferred from any circumstances fairly showing that the insurers did not intend to insist upon the payment of the premium as a condition precedent. *Ins. Co. v. McCrea*, 8 Lea, 541; *Heaton v. Ins. Co.*, 7 R. I. 502; *Hanley v. Ins. Co.*, 4 Mo. App. 253; *Goit v. Ins. Co.*,

25 Barb. 189 ; *Bodine v. Ins. Co.*, 51 N. Y. 117 ; May on Ins., sec. 340 ; *Horwitz v. Ins. Co.*, 40 Mo. 557 ; *Pelkington v. Ins. Co.*, 55 Mo. 172 ; *Geib v. Ins. Co.*, 1 Dill. 449. The fact that the insurers do not avail themselves of the right to cancel a policy, which for any cause known to them they have a right to treat as forfeited, is evidence of a waiver of forfeiture by reason of that cause." *Ins. Co. v. French*, 30 Ohio St. 240 ; *Ins. Co. v. Gibson*, 52 Ga. 640 ; *Joliffe v. Ins. Co.*, 39 Wis. 111 ; May on Insurance, sec. 502a.

JOSEPH WISBY and E. D. KENNA, for the respondent : The courts cannot modify contracts, nor relieve against cases of apparent hardship arising from accident or neglect, by compelling the companies to do what they are not bound to do by the terms of their agreement. *Noyes v. Ins. Co.*, 1 Mo. App. 591. It is undoubtedly the right of the parties to the insurance policy to provide for the termination or suspension of the liability at any time at the option of either party. *Ins. Co. v. Salmon*, 11 Brad. 230 ; *Hummel's Appeal*, 78 Pa. St. 324 ; *Ins. Co. v. School Directors*, 4 Ill. App. 145 ; *Ins. Co. v. Daly*, 33 Kan. 604 ; *Watrous v. Ins. Co.*, 35 Ia. 582 ; *Garlick v. Ins. Co.*, 44 Ia. 553 ; *Ins. Co. v. Henley*, 60 Ind. 520 ; *Ins. Co. v. Taylor*, 33 Gratt. (Va.) 743. "The contract of insurance is a voluntary contract, and the insurers have the same right to incorporate and impose this as they have any other condition ; and if the assured objects to it, he is under no obligations to conclude the contract ; but if he will voluntarily enter into it, he will be held bound thereby. *Gray v. Ins. Co.*, 1 Blatchf. C. Ct. 280 ; *Wilson v. Ins. Co.*, 27 Vt. 99 ; *Brown v. Ins. Co.*, 5 R. I. 394 ; *Amesbury v. Ins. Co.*, 6 Gray, 596 ; *Fullam v. Ins. Co.*, 7 Gray, 61." *Kein v. Ins. Co.*, 42 Mo. 42. If the policy had provided for a forfeiture, there was no waiver. *Gladding v. Ins. Co.*, 66 Cal. 66 ; *Enos v. Ins. Co.*, 67 Cal. 621 ; *Ins. Co. v. Minnequa Springs Imp.*, 100 Pa. St. 142 ; *Ins. Co. v. Conover*, 98 Pa. St. 388 ; *Sugar*

*Refining Co. v. Ins. Co.*, 20 Fed. Rep. 480. But if it should be held that the evidence offered by respondents would constitute a waiver still it cannot avail the appellant here for the reason that he was in no way prejudiced thereby. *Acton v. Dooley*, 74 Mo. 67; May on Ins. [1 Ed.] sec. 505. Where nothing has been done or neglected by the insured upon reliance of acts done or neglecting to be done by the insurer, there can be no estoppel. May on Ins., sec. 507; *Security Co. v. Fay*, 22 Mich. 467; *Shaw v. Spencer*, 100 Mass. 382. But if respondent be held to have waived anything it was the timely payment of the instalment, not the provision by which in so doing the policy became suspended. *Wahl v. Ins. Co.*, 36 N. Y. 157; *Ferebee v. Ins. Co.*, 68 N. C. 11; *Ins. Co. v. Klinke*, 65 Mo. 82; *Hummel & Co.'s Appeal*, 18 F. P. Smith, 320; *Ins. Co. v. Buckley*, 2 Norris, 293; *Ins. Co. v. Rosenberger*, 3 Norris, 373; *Ins. Co. v. Cockran*, 88 Pa. St. 234; *Hawthorn v. Ins. Co.*, 5 Mo. App. 77.

PEERS, J., delivered the opinion of the court.

This was an action in the circuit court of Webster county on a policy of insurance for six hundred dollars, against loss by fire and lightning, issued by respondent to appellant. The policy was on the "annual instalment plan" and covered a period of five years from the twenty-fifth of March, 1884, to the twenty-fifth of March, 1889, inclusive. The policy contained among other things the following provisions : "And the Continental Insurance Company hereby agrees to indemnify and make good unto the assured * * * from the twenty-fifth day of March, 1884, at twelve o'clock noon, to the twenty-fifth day of March, 1889, at twelve o'clock noon, any loss sustained by reason of fire or lightning."

"But it is expressly agreed that this company shall not be liable for any loss or damage that may occur to the property herein mentioned, while any promissory note or obligation, or part thereof, given for the premium, remains past due and unpaid."

"The company may collect by suit or otherwise the premium note or notes, and receipt from the office of the company must be received by the assured before there can be a revival of the policy, which shall in no event carry the insurance beyond the original term."

"This policy is issued from the office of the company at Chicago, Illinois, and it is stipulated that no agent or employe of the western department at Chicago, Illinois, shall have power or authority to waive or alter any of the terms or conditions of this policy, or to make endorsements thereon, and all agreements by the superintendent must be signed by him."

"This company reserves the right to cancel its policy or any part thereof, by tendering to the assured the unearned premium, and the assured may cancel when the premium or note or obligation given for such premium has been fully and actually paid in cash, in which case the company shall retain the customary short rates and expenses of taking the risk."

The first annual premium of three dollars was paid on the twenty-fifth of March, 1884, and the instalment note executed and delivered, by the terms of which three dollars were to be paid on the first days of March, 1885, 1886, 1887, and 1888; the note further provided as follows: "And it is hereby agreed that in case of non-payment of any of the instalments therein named at maturity this company shall not be liable for loss during such default and the policy for which this note was given shall lapse until payment is made to this company in New York, or to the western department at Chicago, and in the event of non-settlement for time expired as per terms on short rates, the whole amount of instalments remaining unpaid on said policy may be declared earned, due, and payable, and may be collected by law."

The plaintiff failed to pay the instalment due on the first of March, 1885, though notified and requested so to do, and it is alleged that by reason of his failure in this regard the policy became and was lapsed and

suspended. The loss occurred on the thirteenth of March, 1885. The policy is dated on the twenty-fifth of March, 1884, and runs for five years from and after such date.

On the trial the policy and the receipt for the first premium were introduced in evidence by the plaintiff, and also the notice from the company requesting payment of the instalment due on the first of March, 1885, as follows:

"Office Continental Ins. Co., etc., }
"Chicago, March 15, 1885.          }

"W. M. Barnes, Marshfield, Mo.

Dear Sir:—We have not received payment of the second instalment due first of the present month on your note given for premium on your policy No. B. 296,570 in the Continental Insurance Company of New York. Please send the same by return mail so that you and the company can both be gratified, the company by receiving prompt payment of its premiums and you by being protected against disaster. The amount due is three dollars. Notice was sent you on the eighteenth ult., but may have been mislaid or overlooked. Please attend to this at once as it is important; you cannot tell at what moment you may need the insurance. Fire, like death, is no respecter of persons. * * * It may be that this notice will pass your remittance on the way, if so your receipt will be duly sent and we ask that you excuse this reminder."

"Respectfully yours,
"(Signed)          R. J. TAYLOR, Sup't.

"Your note given as consideration for insurance under the above-mentioned policy provides that in case of default in the payment of any of the instalments named therein, the whole amount remaining unpaid on the note shall immediately become due and payable."

Also two letters from the company of date April 5, and May 16, 1887, respecting failure of plaintiff to pay instalments on said policy.

Plaintiff called one Pack, the agent of the

company at Marshfield, who secured the policy for the company and was its agent for collecting premium notes in that vicinity during the year 1885, and asked him this question:

"Q. What was the custom of this insurance company in regard to making prompt collections of the notes you held in your hands for collection?"

To which defendant objected because the contract between the parties binds the parties, and the evidence is incompetent. Which objection was sustained by the court. Appellant then offered to prove by the witness that the witness had a large number of these instalment notes of the company in his hands for collection; that they were collected in small amounts from time to time, at long intervals after they were due; that prompt payment was not exacted and that he had no knowledge of any policy of said company being suspended or forfeited for non-payment of notes when due and that it was not the custom of the company to make prompt collection of these notes. The court on objection ruled out this evidence as immaterial and irrelevant.

Appellant offered to show by this witness that it was the custom of the company to date the instalment note on the first day of the month without regard to the day of the month the policy was executed; that the note was forwarded undated and the date was inserted by the company. This evidence was also rejected by the court upon the same grounds.

Appellant also called John N. Rush who it appeared had a policy from respondent of the same kind as the one sued on, being for five years on the instalment plan, and offered to prove by the witness and by letters received by him from the company, the company's lack of promptness in collecting their instalment notes when due; also that the company was not in the habit of forfeiting or cancelling policies on account of non-payment of instalment notes when due; that according to their own figures and calculations they did not consider the

first instalment or premium earned, until the expiration of the first year; that said insurance was an insurance from year to year and that said company made their calculations from that standpoint; but the court excluded this evidence also, as irrelevant and immaterial.

The respondent to sustain the issues on its part introduced in evidence the instalment note which is set out above, also evidence tending to show that it notified appellant of the approaching maturity of the second instalment of premium due on the 1st of March, 1885; and that it received notification from appellant of the destruction of the property by fire.

This was all the evidence offered; whereupon the court of its own motion gave the following instruction to the jury: "The court instructs the jury that under the evidence in this case you will return a verdict for the defendant." To the giving of which instruction appellant excepted at the time; as he also did to the rulings of the court in the exclusion of evidence offered by him as aforesaid. Under this instruction the jury found for the respondent, whereupon in due time appellant filed his motion for new trial and in arrest of judgment, which being overruled the case comes here by appeal.

The case as here presented turns upon the propriety of the instruction. If the policy is one for a year to be renewed at the expiration of each yearly period, not exceeding in all five years, and the loss occurred before the second instalment of the note became due then the instruction was erroneous. On the other hand, if the policy is to be treated as a contract for five years insurance, and plaintiff failed to pay the second instalment on the note when due, and the fire and loss occurred while such instalment remained unpaid, and the policy thereby became lapsed and suspended, then the instruction was properly given. To determine this question, the application for insurance, the policy issued, and the note given by the assured must be resorted to, and we must

construe and harmonize their several provisions, as far as possible, in the light of well-settled legal principles.

What was the policy issued in this case? Was it a policy for one year, which might be renewed from year to year, for a period not exceeding five years, or was it an absolute policy of insurance for five years with a premium payable in yearly instalments? These questions must be answered, not by reference to any particular provision of the policy, but by an examination of the entire instrument.

The language of the policy is as follows: "The Continental Insurance Company hereby agrees to indemnify and make good unto the said assured * * * from the twenty-fifth day of March, 1884, at twelve o'clock at noon, to the twenty-fifth day of March, 1889, at twelve o'clock at noon," any loss sustained by fire or lightning.

On the back of the policy was endorsed the following: "Received of William Barnes an application for insurance by the Continental Insurance Company of New York, for property to the amount of six hundred dollars for a term of five years."

The note given by the assured is as follows:

"$12.00. For value received in policy No. B., 296,570, dated twenty-eighth day of March, 1884, issued by the Continental Insurance Company of New York, I promise to pay to said company, or order (by mail if requested), twelve dollars in instalments as follows, three dollars on the first day of March, 1885, three dollars on the first day of March, 1886, three dollars on the first day of March, 1887, and three dollars on the first day of March, 1888, * * * and it is hereby agreed that in case of non-payment of any one of the instalments * * * at maturity, this company shall not be liable for loss during such default, and the policy for which this note was given shall lapse until payment is made * * *

"Given in payment of a policy of insurance."

Now, taking the application, the policy, and the

note as they stand together, being all parts of but one and the same transaction, it seems to us, if language can clearly convey the intention of contracting parties, that there can be no question but that the contract of insurance in this case was for a term of five years. We have no doubt as to the correctness of this construction of the provisions of the policy; they are clear and absolute, and we find no subsequent provisions in the contract to change or modify them.

## I.

The plaintiff calls our attention to the cases of *American Ins. Co. v. Stoy*, 41 Mich. 385, and *Yost v. American Ins. Co.*, 39 Mich. 531, as bearing on this point. The case of *American Ins. Co. v. Stoy* differs from the case at bar in this: The provisions in that contract were "that the payment of the premium is optional with the insured," and "the policy becomes void on the non-payment of each successive premium within thirty days after the expiration of the previous year." In the case before us, all references were made to the "annual premium." All through this contract, the note, application, and subsequent correspondence, there was but one premium referred to, which was not an "annual premium," but a "premium" for the full term of five years. In the cases above referred to, the policy provided that in the event of the non-payment of the annual premium, the policy should be void. In this case, the policy provides that in the event of the non-payment of the "annual instalment," *i. e.*, part of the entire debt, it was optional with the company to declare all of the instalments due; and its liability for loss was simply suspended until payment was made according to the terms of the contract. *Am. Ins. Co. v. Klink*, 65 Mo. 78, 82; *Williams v. Albany City Ins. Co.*, 19 Mich. 451. In the two cases just cited, the same construction was placed upon the policies as the trial court placed on

the one now under consideration. Which construction was free from error and the only one that could be made consistent with the terms of the policy.

## II.

The plaintiff insists that the defendant waived the payment of the second instalment due on the first day of March, 1885, by the words and acts of its agents and officers, both before and immediately after the loss, together with their right to forfeit the contract and have the same lapse; and that the policy was in full force and binding at the time the loss occurred. In support of this point the plaintiff offered to prove by one Pack, the local agent of the company at Marshfield, the custom of the insurance company in regard to making prompt collection of the notes in his hands, held for collection ; that the same were collected in small sums and at long intervals after due ; that prompt payment was not exacted, and that he had no knowledge of any policy of said company being suspended or forfeited for nonpayment of notes when due. This was objected to and excluded by the court. The plaintiff then offered to prove by John N. Rush, and by letters received by him from the company, the company's lack of promptness in collecting their notes when due. This the court also excluded as immaterial and irrelevant, as bearing on the issue of forfeiture and waiver. In order to determine whether the trial court erred in excluding this evidence we must look to the contract as contained in the provision of the policy sued on, which, as far as it related to this matter, is as follows :

"It is stipulated that no agent or employe or any other person or persons than the superintendent of the western department at Chicago, Illinois, shall have power or authority to waive or alter any of the terms or conditions of this policy ; * * * and all agreements by the superintendent must be signed by him."

We do not doubt the right of the parties to stipulate that no condition or restriction contained in the policy should be waived except in the manner set out in the contract, and that they did so stipulate is clearly shown by the policy itself. We know of no case in which it has been held that the terms and conditions of a policy of insurance can be waived in any other manner than as stipulated, where there is an express stipulation on the subject of waiver. *Gladding v. Fire Ass'n*, 66 Cal. 6; *Franklin Ins. Co. v. Chicago Ice Co.*, 36 Md. 102. In *Enos v. Sun Ins. Co.*, 67 Cal. 621, it is expressly held "that a local agent of the insurer could not waive any of the provisions of the policy," which rule applies to the present case. *Fire Ins. Co. v. Conover*, 98 Pa. St. 384; *Fire Ins. Co. v. Minn. Springs Imp. Co.*, 100 Pa. St. 137. "Waiver of an express provision in a policy of fire insurance cannot be proved by parol testimony, * * * where there is a clause in the policy providing that there shall be no waiver, except by the authority of the company expressed in writing." *Peoria Sugar Refinery Co. v. Susquehanna Mut. Fire Ins. Co.*, 20 Fed. Rep. 480.

The court did not err in excluding the evidence offered by plaintiff.

III.

The only remaining question is, was it lawful for the defendant to make a contract by which its liability for loss should be suspended so long as any premium note or instalment thereon should remain unpaid?

Insurance contracts are voluntary ones, and the insurers have the same right to incorporate and impose this as they have other conditions, and if the assured objects to it he is under no obligation to enter into the contract, but if he voluntarily enters into it he is bound thereby. *Cray v. Hartford Ins. Co.*, 1 Blatchf C. Ct. 280; *Wilson v. Aetna Ins. Co.*, 27 Vt. 99; *Keiw v. Home Mut. Fire & Marine Ins. Co.*, 42 Mo. 38.

The courts cannot modify contracts made by insurance companies or other corporations, nor relieve the parties to such contracts from apparent hardship which arises from accident or neglect, by compelling the companies to do what they are not bound to do by the terms of their agreement.

It follows that the judgment must be affirmed. It is so ordered. All concur.