HENRY E. BARNARD, Respondent, v. NATIONAL FIRE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, December 2, 1889.

1. **Insurance:** WAIVER OF STIPULATION AGAINST WAIVER: POWER OF AGENT. An insurance policy contained the stipulation: "It is further agreed that there can be no waiver of any condition of this policy, unless such waiver is clearly expressed in this policy." *Held* that, being a stipulation for the insurer's benefit, he can waive it, and the agent who took the insurance and delivered the policy (there being no restriction on his authority) having full knowledge as to the facts, had the power, and did in this case waive the conditions of the policy as to title of the realty and additional insurance.

2. ——: TITLE: WAIVER: CASE ADJUDGED. R. being owner of a storehouse borrowed money of P., and gave a deed of trust to plaintiff to secure the loan, and took out from defendant company a policy of insurance on said storehouse, and assigned the same to plaintiff for further security. Subsequently R. sold to S., the arrangement being, that R.'s deed was placed in *escrow* to be delivered upon S.'s paying the purchase money. The aforesaid policy was about expiring when S. went to defendant's agent, who issued the policy, and informed him of the whole transaction. The agent thereupon took the premium of S., and issued the policy in suit to R., who assigned to plaintiff, who after loss brought this suit. *Held,* defendant was liable.

3. ——: ——: ——: PAYMENT OF LOAN. The fact that since the beginning of this suit the loan has been paid will not prevent plaintiff's maintaining this suit.

4. ——: ADDITIONAL INSURANCE: MEASURE OF DAMAGES: STATUTE CONSTRUED. An insurer who assents to additional insurance is not entitled to have the recovery reduced to a *pro rata* share of the total insurance, as section 6009, Revised Statutes, 1879, requires the aggregate of all the policies to be taken as the value of the property, and each insurer must stand for the amount named in its policy, as the statute not only makes the amount written in the policy the value of the property when insured, but makes it conclusive of the measure of damages when destroyed. *Quaere:* Can parties waive the statutory provision?

5. ——: "WHOLLY DESTROYED": STATUTE CONSTRUED. The words "wholly destroyed," as used in the statute, are equivalent to "total loss," and mean that the building, though some part of it may remain standing, has lost its identity and specific character as a building, and has become a disintegrated mass that cannot be properly designated as a building, and the court properly instructed the jury that, in order to aid the defendant, the standing wall must be believed to be of material value, "as a building or a part of a building," and also properly refused to instruct that, if such wall were of any material value, it would avail defendant.

*Appeal from the Buchanan Circuit Court.*—HON. O. M. SPENCER, Judge.

AFFIRMED.

*B. R. Vineyard,* for the appellant.

(1) The policy purported to insure Daniel Ransom against loss by fire " on his two-story, brick, shingle-roof building." The acceptance of the policy thus worded, with the condition therein that "if the assured is not the sole, entire and unconditional owner of the property insured, and (if a building is insured) of the land on which the building stands, by a sole, unconditional and entire ownership and title in fee simple, * * * without being specified in the written portion of said policy, * * * then and in every such case this policy shall be null and void," "amounts to a declaration, on the part of the assured, that his interest is an absolute one," qualified only by the interest which might appear to be in H. E. Barnard, the plaintiff, as trustee for the Phœnix Mutual Life Insurance Company. *Barnard v. Ins. Co,* 27 Mo. App. 26; *Mers v. Ins. Co.,* 68 Mo. 127; *Lasher v. Ins. Co.,* 86 N. Y. 423; *Southwick v. Ins. Co.,* 133 Mass. 457; *Ins. Co. v. Mfg. Co.,* 31 Mich. 346, 356. (2) A policy like the one in this case, insuring a certain person, loss if any payable to another as his interest may appear, confers on such other only a derivative right, which cannot exceed that of the party through whom the right comes. *Bidwell v. Ins. Co.,* 40 Mo. 46–7; *Grosvenor v. Ins. Co.,* 17 N. Y. 391; *Carpenter v. Ins. Co.,* 16 Pet. 495; *Foster v. Ins. Co.,* 2 Gray, 216; *Hine v. Woolworth,* 93 N. Y. 75. (3) Under the clauses of the policy a failure on the part of the assured not to have had endorsed upon the policy his real interest in the property, as he was not the sole and unconditional owner thereof, was such as to avoid the policy. *Barnard v. Ins. Co.,* 27 Mo. App. 26; *Ins. Co. v. Lawrence,* 2 Pet. 25, opinion by MARSHALL, C. J. ; *Warner v. Ins. Co.,* 21 Conn. 444; *Leathers v. Ins. Co.,* 24 N. H. 259; *Ins. Co. v. Barnett,* 73 Mo. 367. (4) Under the facts Ransom was not the owner, but held the legal

title for Sheldon, who, according to the following authorities, was the owner: *Barnard v. Ins. Co.*, 27 Mo. App. 26; *Clay Ins. Co. v. Mfg. Co.*, 31 Mich. 357; *Hough v. Ins. Co.*, 29 Conn. 19–21; *Gaylord v. Ins. Co.*, 40 Mo. 13; *Martin v. Ins. Co.*, 44 N. J. Law, 275; *Lingenfelter v. Ins. Co.*, 19 Mo. App. 268; *Ins. Co. v. Martin*, 40 N. J. Law, 570–1; *Ins. Co. v. Tyler*, 16 Wend. 396–7. (5) The policy sued on and read in evidence by plaintiff provided, near the close of its conditions, as follows: "It is further agreed that there can be no waiver of any condition of this policy, unless such waiver is clearly expressed in this policy in writing." This provision is valid, and the court below erred in not sustaining defendant's demurrer to the evidence, and in permitting plaintiff to introduce evidence tending to show knowledge, on the part of defendant's local agent, of the condition of the title of the property, for the purpose of establishing a waiver of the condition of the policy, making it void if the assured did not own the property by "a sole, unconditional and entire ownership and title in fee simple." *Barnes v. Ins. Co.*, 30 Mo. App. 549–550; *Gladding v. Fire Ass'n*, 66 Cal. 6; *Ins. Co. v. Ice Co.*, 36 Md. 102; *Enos v. Ins. Co.*, 67 Cal. 621; *Ins. Co. v. Conover*, 98 Pa. St. 384; *Ins. Co. v. Minn., etc., Co.*, 100 Pa. St. 137; *Ins. Co. v. Ins. Co.*, 20 Fed. Rep. 480. (6) The provision in the policy sued on, that it was to be void if the assured, or any other person interested, procured other insurance on the property without the consent of the defendant company being mentioned in or endorsed on the policy, is valid. *Obermeyer v. Ins. Co.*, 43 Mo. 573; *Thomas v. Ins. Co.*, 119 Mass. 121; *Gee v. Ins. Co.*, 55 N. H. 65; *Gale v. Ins. Co.*, 41 N. H. 170; *Jackson v. Ins. Co.*, 23 Pick. 418; *Lindley v. Ins. Co.*, 65 Me. 368; *Hutchinson v. Ins. Co.*, 21 Mo. 97; *Deitz v. Ins. Co.*, 38 Mo. 85; *Barnard v. Ins. Co.*, 27 Mo. App. 26. And such additional insurance having been taken in Ransom's name

with Ransom's consent, but without the consent of the company having been mentioned in or endorsed on the policy in suit, defendant's demurrer to the evidence ought to have been sustained. Parol evidence to contradict the express terms of the written contract for the purpose of establishing a waiver was inadmissible. *Barnes v. Ins. Co.*, 30 Mo. App. 549, 550, and cases there cited. (7) The court below erred in excluding defendant's evidence offered for the purpose of showing the value of the walls of the insured building left standing after the fire, and in giving its second instruction, and in refusing defendant's instruction. There was no evidence as to the value of the building at the time of the fire, and the instructions given ignored the subject of value altogether. The amount insured cannot be taken as the value of the building unless it is "wholly destroyed." R. S., secs. 6009 and 6010. (8) The pleadings admit, and the evidence at the trial disclosed, the fact that there were three policies on the building burned, all in Ransom's name : One in the defendant company for one thousand dollars, one in the German American for one thousand dollars, and one in the Star for two thousand dollars. If the building had been shown to have been "wholly destroyed," which of these sums, under section 6009 of our statutes, would "be taken conclusively to be the true value of the property when insured?" If the amount of the policy sued on ($1,000) be taken as "the true value" (and the statute certainly did not intend, in the absence of evidence, to bind any company to a higher valuation than "the amount of insurance" assumed by it), the court erred in ignoring the terms of the policy in suit, which provide for the payment of only its *pro rata* share of the loss, and which was to be divided ratably between all the companies that had issued policies on the building. The policy sued on was made payable to plaintiff Barnard, trustee, "as his interest may appear." Before trial

the entire interest of Barnard as trustee had ceased, as the debt secured by the deed of trust, wherein he was trustee, had been paid off in full and satisfied. Ransom, the beneficiary in the policy, had also gotten his entire claim from Sheldon, due on the property insured, so that Ransom no longer had any interest in the policy. (See Ransom's testimony.) Under this state of facts the suit abated, and no recovery should have been permitted, at least further than the costs due to the time of such payment.

*H. K. White*, for the respondent.

(1) The court did not err in permitting evidence showing that the defendant's agent was apprised of the condition of the title and possession of the property, nor did it err in instructing the jury that the policy sued upon was not void, if after receiving such information the agent issuing it did not correctly describe the interest of the assured in said policy. *Mers v. Ins. Co.*, 68 Mo. 127; *Buckingham v. Ins. Co.*, 87 Mo. 62; *Roberts v. Ins. Co.*, 26 Mo. App. 98. (2) The court did not err in admitting evidence tending to show that defendant's agent in St. Joseph knew of the additional insurance mentioned in the pleadings, nor in instructing the jury that if he was so apprised, and consented thereto, the policy was not void on account of such additional insurance, even though such consent was not endorsed in writing on the policy in suit. (*a*) Dunning, as witness for defendant, testified he was its agent, and no point was made in pleadings or at trial that it was necessary to show his commission, and that objection comes too late. *St. Louis Co. v. Bagnell*, 76 Mo. 554; s. c., 8 Mo. App. 365. (*b*) The agent, by failing to cancel policy after knowledge of the other insurance, waives the endorsement in writing. *Hamilton v. Ins. Co.*, 94 Mo. 333; *Hayward v. Ins. Co.*, 52

Mo. 181; *Pelkington v. Ins. Co.*, 55 Mo. 172; *Horwitz v. Ins. Co.*, 40 Mo. 557; *Thomas v. Ins. Co.*, 20 Mo. App. 150, citing *Ins. Co. v. Wilkinson*, 13 Wallace, 122; *Morrison v. Ins. Co.*, 6 S. W. 605. (3) The court did not err in its instruction to the jury as to the measure of damages. 2 R. S. 1879, p. 1180, sec. 6009; May on Ins., sec. 421*a*; *Ins. Co. v. Sherlock*, 25 Ohio Stat. 50; *Thompson v. Citizens' Co.*, 45 Wis. 388; *Reilly v. Ins. Co.*, 43 Wis. 388; *Cayon v. Ins. Co.*, 68 Wis. 510; *Oshkosh Co. v. Ins. Co.*, 71 Wis. 454; *Oshkosh Co. v. Ins. Co.*, 31 Fed. Rep 200; *Railroad v. Peavy*, 29 Kas. 169. (4) The court did not err in its ruling as to the right of plaintiff to recover the full amount of loss, although Ransom had, since the commencement of the suit, paid off his indebtedness to the Phœnix Mutual Life Insurance Company. 1 R. S. Mo. 1879, sec. 3671; *Dock v. Ins. Co.*, 10 Mo. App. 376; *Kernochan v. Ins. Co.*, 17 N. Y. 428; *Clinton v. Ins. Co.*, 45 N. Y. 439; *Nelson v. Ins. Co.*, 43 N. J. Eq. 256.

ELLISON, J.—This cause is here for the second time, and will be found reported in 27 Mo. App. 26.

Before the last trial plaintiff filed an amended reply whereby the issue is made that notwithstanding the conditions of the policy as to the true state of the title being stated, and as to further insurance, that defendant's agent had knowledge as to the true state of the title and of the additional insurance. That notwithstanding such knowledge as to the title defendant issued the policy to plaintiff. That plaintiff's vendee, Sheldon, having put up additions to the property, informed the agent thereof, who consented thereto and attempted to endorse consent on this policy, but by mutual mistake consent was endorsed on a different policy, which plaintiff held of defendant, on his farm property. By the doing of these things with knowledge, plaintiff claims that defendant waived the provisions of the policy. There was a verdict and judgment for plaintiff, and defendant appeals.

The defendant seeks to avoid the matter of waiver by the following provision of the policy, viz.: "It is further agreed that there can be no waiver of any condition of this policy, unless such waiver is clearly expressed in this policy in writing." It will be conceded that the parties to a contract of insurance may agree to a specific mode of waiver, and that they will be held to such agreement. *Fire Ins. Co. v. Conover*, 98 Pa. St. 384; *Fire Ins. Co. v. Minn. Co.*, 100 Pa. St. 137. It is so stated by the St. Louis Court of Appeals in a discussion of the express limitation of the power or authority of an agent. *Barnes v. Ins. Co.*, 30 Mo. App. 539.

But does such provision in a policy disable the defendant from waiving it? Conditions, as well as provisions like this, are incorporated in policies for the benefit of the insurer, and, as the insurers may waive conditions intended to operate to their benefit, we can see no legal impediment to their waiving a stipulation as to waiver. Can it be reasonably maintained that a party may unalterably contract away his right to renounce that which is only for his own benefit, and which can work no harm to the other contracting party? We are not aware of any sound reason to sustain such proposition. See, in this connection, *Carroll v. Charter Oak Ins. Co.*, 38 Barb. 402; *Pierrepont v. Barnard*, 2 Selden, 279.

The question, however, remains as to whether defendant, in this case, did actually waive the foregoing provision of the policy. If waived at all, it was by the agent who took the insurance and delivered the policy. He was fully aware of the true state of the title when the insurance was asked, and of the additional insurance at the time it was taken. It is a familiar rule, in regard to such agents, that their powers "are presumed to be co-extensive with the business entrusted to their care,

and are not to be narrowed by restrictions and limitations not communicated to the party who claims the acquisition of rights through the acts of the agent." *Wilkinson's Case*, 13 Wall. 222; *Breckenridge v. Ins. Co.*, 87 Mo. 62; *Thomas v. Ins. Co.*, 20 Mo. App. 150.

Now, in this case, it will be noticed that the provision quoted imposes no restriction on the power of the agent, and, in this, it is distinguishable from cases where such restriction exists. The plaintiff, therefore, had a right to rely upon the agent who took the insurance as being capable of binding the company—of his knowledge being defendant's knowledge — and such agent, being apprised as to the true state of the title, the defendant is now estopped by every principle of justice to complain, or set up this portion of the policy against plaintiff's right. *Thomas v. Ins. Co.*, 20 Mo. App. 150; *Breckenridge v. Ins. Co.*, 87 Mo. 62.

So, much the same may be said as to the additional insurance. The evidence further discloses that defendant's agent, after becoming aware of such insurance, attempted to endorse consent, but, by mistake, such endorsement was placed upon another policy. The least that can be said of this branch of the case, is that there was a complete waiver. He not only had knowledge of the insurance, and took no steps to cancel the policy, but assented to it, and attempted to make the endorsement required. *Hamilton v. Ins. Co.*, 94 Mo. 353.

II.  Defendant asked several instructions on the theory of Ransom being a mortgagee of the property, and of his having only insured a mortgagee's interest. We think the evidence justified the court in refusing these, as such was not Ransom's interest, nor was it the understanding of the parties that such an interest was being insured. The real understanding of the parties was this: Ransom had borrowed of the Phœnix Mutual Life Insurance Company thirty-five hundred

dollars, and gave as security, a deed of trust on his farm, and on the storehouse property in dispute. The plaintiff, H. E. Barnard, was made trustee, and, as a collateral security, two policies of insurance were taken from defendant, one covering the farm, and the other covering the storehouse in the town of Stewartsville, and both assigned to plaintiff, the trustee in the deed of trust. During the life of the storehouse policy, Ransom sold the property to one Sheldon, in the following way : He made a deed to Sheldon, and deposited it in *escrow*, together with a contract that the deed was to be delivered when the purchase money was paid. This policy was about expiring, when Sheldon informed defendant's agent of the state of the title, and the nature of his contract and purchase, and desired the agent to issue another policy. The agent, with this knowledge, issued the new policy in Ransom's name, as, he alleged, the legal, or record title, was yet in him, and accepted the premium of Sheldon. This last policy was likewise assigned to plaintiff, and is the one in suit. Now, under such circumstances, can plaintiff recover? We are of the opinion that he can. The policy, though in Ransom's name, was really to insure Sheldon. Under the authorities, *supra*, defendant had full knowledge of the condition of the title, and of the interest of the parties, and, with this knowledge, issued a policy to Sheldon, in Ransom's name, and accepted the premium of Sheldon. We are not aware of anything to prevent defendant from doing the business in that way, if it so desired; it was its own act, of which it ought not now to complain. If the transaction was irregular, the irregularity was its own.

III. From the fact that, since the beginning of this suit the debt to the life insurance company has been fully discharged, it is said that plaintiff has no further interest in the cause, and cannot maintain this suit. We are of the opinion he can. R. S. 1879, sec. 3671.

IV.   It is one of defendant's contentions before us that, since other and additional insurance was taken out on the same property, and since the policy in suit provides that, in case of additional insurance, defendant should only be responsible for its *pro rata* of the loss, the court erred in permitting a recovery of the full amount of the policy:   This involves a construction of section 6009, Revised Statutes, 1879.   It reads that:

" Whenever any policy of insurance shall be written to insure any real property   *   *   *   and the property insured shall be wholly destroyed, and without criminal fault on the part of the insured or his assigns, the amount of the insurance written in such policy shall be taken conclusively to be the true value of the property when insured, and the true amount of the loss and measure of damages when destroyed.   *   *   *"   It will be noticed that this statute not only makes the amount written in the policy the value of the property when insured, but makes it conclusive of the *measure of damages when destroyed.*   We have no doubt but that the statute should be enforced literally in a case where there is no further insurance.   Are there, then, any reasons why defendant should be relieved of the full extent of this liability by reason of the additional insurance ?   We can see none.   No additional insurance could be had without the consent of the defendant, and, when it consented to further insurance, it must be taken that it determined that the property was valuable enough to bear it.   If it determined otherwise, it could refuse consent, and, if taken contrary to its consent, could cancel the policy.   Or, if unknown until after the loss, could successfully resist recovery.   So there can be no hardship on defendant, nor can there be any unfair advantage taken by such proceedings.   Defendant has full means of protection and defense at the command of its own will.   The aggregate of all the policies will be taken to be the

value of the property, and each insurer must stand for the amount it has named in its policy. The statute must be taken to have been in the mind of the contracting parties, and the policy issued with a view to a compliance with its terms; and even though there should be other means provided in the policy for ascertaining the amount of loss, where it is *total*, the statute will be given controlling effect, even though it should subvert the provisions of the policy in this respect. The foregoing views are in full accord with the supreme court of Wisconsin in construing an identical statute. *Reilly v. Ins. Co.*, 43 Wis. 449; *Oshkosh v. Ins. Co.*, 71 Wis. 454; *Cayon v. Ins. Co.*, 68 Wis. 510. It is not necessary in this case to say, nor have we considered, whether it be in the power of the parties, by *express stipulation*, to waive the provisions of this statute.

V.    The court refused to declare, in an instruction for defendant, that, if a portion of the wall of the building left standing were of any material value, it would avail defendant; and of its own motion instructed the jury that, in order to aid defendant, such walls must be believed to be of material value "as a building or part of a building,"

The words, "wholly destroyed," as used in the statute, before set out, are equivalent to the words, "total loss," and May on Insurance states the law thus : "Total loss, as applicable to a building, means not that the materials of which it is composed were annihilated, but that the building, though some part of it may remain standing, has lost its identity and specific character as a building, and instead thereof has become a disintegrated mass, or so far disintegrated that it cannot properly be designated as a building." To the same effect is *Oshkosh, etc., Co. v. Ins. Co.*, 31 Fed. Rep. 200. It is held in *Nave v. Ins. Co.*, 37 Mo. 430, that the subject of insurance is the building, and not the material of which it may be composed. From which it

follows that the total loss of the building, as such, is the whole destruction of the property insured.

In speaking of the loss of a vessel, the supreme court of Ohio in *Ins. Co. v. Sherlock*, 25 Ohio St. 59, says: "An actual total loss is where the vessel ceases to exist *in specie;* becomes a 'mere congeries of planks,' incapable of being repaired."

The foregoing shows that the court properly disposed of defendant's instruction, and that the one given of its own motion contained the proper declaration.

There were some other points suggested by counsel, some of them being incidentally noticed in this opinion; the others are not sufficiently material to enter into a detailed discussion of them. On the whole case, we find no error justifying a reversal, and we, therefore, affirm the judgment.