ELIZABETH PRATHER, Respondent, v. THE CON-
NECTICUT FIRE INSURANCE COMPANY,
Appellant.

### Kansas City Court of Appeals, May 3, 1915.

1. **FIRE INSURANCE: Appraisers: Total Loss.** The plaintiff sued
the defendant fire insurance company to recover $4000 together
with interest, statutory penalties and costs, for the total de-
struction of her house by fire. The defendant contended that
she submitted to have appraisers appointed and they found the
value of the loss to be $1900.36; she in turn contended that
it was a total loss, because the cost of repairing it would
exceed the cost of replacing it with a new house, the conceded
value being $5000. *Held*, that as this is a valued policy, the
liability is measured by Sec. 7020, R. S. 1909, and if the loss
was total, within the statutory meaning of that term, the stipu-
lation in the policy for an appraisement or arbitration could
not be employed to reduce the liability of defendant for the
reason that the amount of the demand being liquidated by
the statute the agreement of plaintiff to arbitrate, which could
have had no other effect than that of reducing her demand,
was nugatory for lack of a consideration to support it.

2. ————: **Definition: Total Loss.** Whether a building as a build-
ing has lost its identity and specific character as such by means
of a fire and as a result thereof has become so far disinte-
grated that it can no longer be properly designated as a build-
ing, even though some parts of it may remain standing, may
determine the question of "total loss."

Appeal from Nodaway Circuit Court.—*Hon. Wm. C.
Ellison*, Judge.

Affirmed.

*Bates, Harding, Edgerton & Bates* and *A. F. Har-
vey* for appellant.

When the plaintiff with full knowledge of the facts,
entered into an appraisal under the terms of the policy
to determine the amount of her loss, thereby putting
the defendant to trouble and expense, she was estopped

to claim in a subsequent suit on the policy that her loss was total or to deny that her loss was partial only. Harmon v. Stuyvesant Ins. Co., 170 Mo. App. 309. A party who, with full knowledge of the facts, enters into an appraisal to determine the amount of loss or damage to a dwelling house insured under a policy of fire insurance, and thereby puts the insurance company issuing said policy to trouble and expense, cannot thereafter, to avoid the effect of the award, be permitted to claim that the appraisal was void by reason of the "valued policy" statute of the State of Missouri. Harmon v. Stuyvesant Ins. Co., supra. Where facts relied upon to show an estoppel are wholly undisputed, the question is for the court, and the jury should be peremptorily instructed thereon. Myers v. Casualty Co., 123 Mo. App. 682.

*Cook, Cummins & Dawson* for respondent.

(1) An estoppel by simple contract cannot be predicated on an invalid contract. 16 Cyc. 720; Smith v. Smith, 62 Mo. App. 596; Verdin v. St. Louis, 131 Mo. 26. (2) A contract which is void cannot as a general rule be made effectual by way of estoppel. 11 Am. & Eng. Ency. of Law (1 Ed.), 423, citing the following cases in support of this text. Koak v. Building Association, 137 Ill. 497; Durkee v. People, 155 Ill. 354; Langan v. Saykey, 55 Ia. 52; Brightman v. Hicks, 108 Mass. 246; Verdin v. St. Louis, 131 Mo. 26; Smith v. Smith, 62 Mo. App. 596; Baker v. Insurance Co., 57 Mo. App. 559. (3) No estoppel arises where the representation and conduct of the party sought to be estopped is due to ignorance founded on innocent mistake, so the acts and declarations of a party, based upon an innocent mistake as to his legal rights, will not estop him to assert the same. 40 Cyc. 257; 16 Cyc. 733-734; Acton v. Dooley, 74 Mo. 63; Burk v. Adams, 80 Mo. 504; Frederick v. Railroad, 82 Mo. 402; Huff-

man v. Nixon, 152 Mo. 303; Garsche v. Levering Inv. Co., 146 Mo. 436; Hequembourg v. Edwards, 155 Mo. 522; Sursa v. Cash, 171 Mo. App. 396.

JOHNSON, J.—This is an action upon a policy of fire insurance for $4000 issued by defendant September 27, 1911, upon a two-story frame dwelling house owned by plaintiff in Maryville. The petition alleges the house was totally destroyed by fire January 31, 1913, while the policy was in force and prays for the recovery of $4000, together with interest, statutory penalties and costs.

The answer admits the house was damaged by fire on the date alleged in the petition but denies the loss was total and pleads that an appraisal held pursuant to a provision of the policy resulted in the loss being appraised at $1900.36, which sum defendant afterward tendered to plaintiff in full settlement of its liability. The verdict was for plaintiff for the face of the policy and accrued interest and on the overruling of its motions for a new trial and in arrest of judgment, defendant appealed.

The policy in question comes within the operation of the valued policy statute (sec. 7020, R. S. 1909) which provides that "in case of total loss of the property insured, the measure of damages shall be the amount for which the same was insured." It is conceded that the sound value of the house at the time of the fire was, at least, $5000, and that if the loss was total plaintiff was entitled to receive the full amount of the insurance but defendant contends and its evidence tends to show that the house was only partially destroyed and that the award of the appraisers fully covered the loss.

The evidence of plaintiff is to the effect that while the house was not entirely consumed it had lost its structural character and that the cost of repairing it would exceed the cost of replacing it with a new house.

The jury were told, in the instructions given at the request of plaintiff, that "plaintiff admits that she consented to such arbitration but seeks to avoid liability thereunder because she contends that the building insured was totally destroyed and there was nothing which under the law should have been submitted by her to arbitration . . . it is a question for you to decide under the evidence whether or not the plaintiff's building was wholly destroyed. If the building was wholly destroyed then the agreement to arbitrate the amount of damages, and the arbitration by the arbitrators is not binding on the plaintiff and she is entitled to recover in this action the full face of the policy." The terms "wholly destroyed" and "total loss" are defined in the instructions as meaning "that the building was totally or wholly destroyed as a building, although there is not an absolute extinction of all its parts. It matters not that some part of the building or some of its material yet remains which may be useful or valuable for some purpose; . . . by a 'total loss' is meant that the building has lost its identity and specific character as a building and become so far disintegrated that it cannot be properly designated as a building, although some part of it may remain standing."

At the time of the fire and for sometime thereafter plaintiff was ill in a hospital near Boston and was unable to attend to business. The first information she received from sources of her own selection was to the effect that the loss was not total but exceeded the amount of the insurance. The agent of defendant who corresponded with her contended that an estimate he had made of the damages placed them at the total sum of $1667.55. Under date of June 9, 1913, the agent wrote plaintiff who was still in the hospital: "For the Company it is denied that the amount of the loss is as great as the amount claimed ($4000) and for the Company an appraisal is requested in accordance with the

terms and conditions of the . ·. . policy and you are respectfully requested to furnish the undersigned with the name of your representative in order that arrangements may be made for him to meet the Company's appraiser, Mr. A. W. Wulser of Kansas City, and give the claim attention at the earliest possible convenience.''

Plaintiff answered promptly complying with the request and nominating her appraiser. The two appraisers thus appointed selected an umpire and the three inspected the property and concurred in appraising the loss at $1900.36. Plaintiff did not know until just before she brought this suit that the loss was total, but she did not concede in her letters to defendant that it was not and insisted that it exceeded the insurance. Plaintiff gave no person authority to represent her in the adjustment of the loss and when she agreed to the appraisal was possessed only of such information respecting the extent of the damage as she had received from persons she had employed to inspect the ruins and estimate it.

Since this is a valued policy the liability of defendant is measured by the statute (Sec. 7020) and if the loss was total within the statutory meaning of that term, the stipulation in the policy for an appraisement or arbitration could not be employed to reduce the liability of defendant for the reason that the amount of the demand being liquidated by the statute the agreement of plaintiff to arbitrate, which could have had no other effect than that of reducing her demand, was nugatory for lack of a consideration to support it. [Marshall v. Insurance Co., 80 Mo. App. 18; Stevens v. Insurance Co., 120 Mo. App. 88; Carp v. Insurance Co., 104 Mo. App. 502; Dry Goods Co. v. Insurance Co., 79 Mo. App. 550; Coffin v. Insurance Co., 142 Mo. App. 295; Baker v. Insurance Co., 57 Mo. App. 559; Murphy v. Mercantile Co., 61 Mo. App. 323; Mc-

Collum v. Insurance Co., 67 Mo. App. 66; Barnard v. Insurance Co., 38 Mo. App. 106; O'Keefe v. Ins. Co., 140 Mo. 558; Seyk v. Ins. Co., 3 L. R. A. 523.]

The instructions from which we have quoted properly defined the term "total loss." The test of whether a building was wholly or only partially destroyed by fire is well stated in Stevens v. Insurance Co., supra, (l. c. 102) to be "whether the building as a building has lost its identity and specific character as such by means of the fire and as a result thereof has become so far disintegrated that it can no longer be properly designated as a building, even though some parts of it may remain standing." Since the evidence of plaintiff supports the finding of the jury expressed in the verdict that the parts of the house left standing were so badly damaged that they had no structural value, we have before us a case in which we must assume that the loss by fire was total and, therefore, that the arbitration was void for lack of a consideration.

But it is argued by defendant that plaintiff when she brought the suit was estopped by her own conduct from claiming a total loss. Counsel say that "when plaintiff with full knowledge of the facts entered into an appraisal under the terms of the policy to determine the amount of her loss, thereby putting the defendant to trouble and expense, she was estopped to claim in a subsequent suit on the policy that her loss was total or to deny that her loss was partial only." Harmon v. Stuyvesant Insurance Co., 170 Mo. App. 309, is the principal authority relied upon to support this position. In that case the defendant insurer, with full knowledge of all the facts, demanded an appraisal on the ground that the loss was partial and afterward, in an action on the policy, attacked the award for the reason that as the loss was total, there was no ground in view of the valued policy statute, upon which to have an appraisal, and therefore the award was void. We observed in the opinion that "defendant fails to

consider its own position in regard to this point. It repeatedly demanded the appraisal and went through with it to the end. It certainly cannot now, after plaintiff's compliance with its demand and trouble and expense in the matter be allowed to overturn its own work.''

We fail to perceive any benefit defendant may be allowed to derive from that decision. Defendant had full knowledge of all the facts relating to the extent of the loss from which the jury found that it was total and with such knowledge demanded an appraisal which the law would not allow in such case. Plaintiff being ill in a distant city and compelled to rely upon what turned out to be inaccurate if not interested sources of information concerning her loss, did not have full knowledge of the facts, did not ask an appraisal, and complied with defendant's demand protesting that her claim should be measured only by the face of the policy. How could it be said that defendant was misled by her compliance with its peremptory demand and was induced to go to the trouble and incur the expense of participating in the appraisal? Obviously the argument is without merit.

There is no prejudicial error in the record and the judgment is affirmed. All concur.