## REPUBLIC INS. CO. v. HALE et al.

No. 4488.

Court of Civil Appeals of Texas. Texarkana.

Feb. 8, 1934.

Rehearing Denied Feb. 22, 1934.

J. Louis Shook and Smithdeal, Shook, Spence & Bowyer, all of Dallas, for plaintiff in error.

F. E. McKee, of Dallas, and Neyland & Neyland and L. L. Bowman, all of Greenville, for defendants in error.

JOHNSON, Chief Justice.

The plaintiff, N. L. Hale, brought the suit upon a policy of fire insurance issued by the insurance company for the full sum of $1,-000, for the total loss by fire of his one-story frame building. The United Savings Bank of Detroit, Mich., intervened, claiming a lien on the property to secure the payment of indebtedness owing by plaintiff, and that the loss on the building was made payable to it under the mortgage clause provided for in the policy of insurance. The insurance company, besides plea in abatement, filed a general denial and failure· of plaintiff to submit to appraisement. The case was tried before a jury and answers made to the following special issues:

"1. Was the building in issue in this case a total loss after the fire? Answer: Yes.

"2. Would a reasonably prudent owner uninsured, desiring such a structure as the one in question was, immediately before the fire, in proceeding within a reasonable time after the fire to restore the building to its said condition immediately before the fire, have torn down those portions of the building left standing? Answer: Yes."

The court instructed the jury as to the test by which it must be determined whether there had been a total loss. That burden of proof was upon the plaintiff to show that the building was a total loss.

The judgment was in keeping with the verdict in favor of the plaintiff for $1,000, with interest. The intervener was adjudged to have payable direct to it out of the $1,000 the amount of the debt and interest owing to it by plaintiff. The insurance company has appealed from the judgment.

The defendant insurance company issued to plaintiff a policy of fire insurance, of date October 12, 1930, covering a one-story, shingle roof frame building in Commerce, insuring for a period of three years against loss or damage by fire to an amount not exceeding $1,000. The policy contained the provision that, in case of a total loss by fire of real property insured, then the policy shall be a liquidated demand for the full amount covering the real property; otherwise the company would be liable only for the actual cash value of the property at the time of the loss. A fire in the building occurred January 22, 1932. The injury caused to the building by the fire was described by witnesses. According to the evidence by the expert contractors given in behalf of the plaintiff, any substantial part of the building remaining could not be used as a basis for reconstructing the building to the condition in which it was before the fire. According to their testimony, the portion of the walls remaining were warped, drawn, and bulged out by the heat of the fire, and a portion was badly charred, and it would be unsafe to put the building back with such walls as they now stand, and that they would have to be taken completely down before starting rebuilding; that the joists burned out; that the floors were damaged, and would have to be taken up. The witnesses in behalf of the defendant company testified that there was a substantial portion of the building remaining that could be used for purposes of reconstruction, although some of these witnesses did not make examination of the portions remaining to see if they were buckled and warped, and because thereof unfit for use.

The assignments of error present the principal points in view, in effect, that: (1) The portions of the building remaining could have been utilized in reconstructing the building; and (2) in not sustaining the plea in abatement; and (3) insufficiency of the discussion of the case by the plaintiff's attorney in his opening argument to the jury; and (4) misconduct of the jury.

484

■ There is ample evidence to support the answers of the jury. The court cannot, as a matter of pure law, say in the evidence that the building was not a total loss. The instruction given in form was in compliance with the test stated in Royal Ins. Co. v. McIntyre, 90 Tex. 170, 37 S. W. 1068, 35 L. R. A. 672, 59 Am. St. Rep. 797. The burden of proof was placed by the court upon the plaintiff to establish a total loss of the building.

■ A total loss being established, as found by the verdict of the jury, then the stipulation in the policy for arbitration would not prevail and be effective. National Fire Ins. Co. v. House (Tex. Civ. App.) 197 S. W. 476; Security Ins. Co. v. Vines (Tex. Civ. App.) 48 S.W.(2d) 1017; Export Ins. Co. v. Axe (Tex. Com. App.) 58 S.W.(2d) 39. Article 4929, R. S., makes a total loss by fire of a house a liquidated demand.

■ The court limited the argument of attorneys to forty-five minutes on each side. In the opening argument to the jury, the plaintiff's attorney used "only seven minutes," and "did not discuss the two issues submitted to the jury." He did "discuss the case in a general way." The objection is that, failing to discuss the issues in the opening argument, the concluding argument should have been limited "to a reply only to counsel for the defendant." It is not thought error may be predicated thereon. The counsel for the company addressed the jury at length upon the case, and was not deprived of any right in that respect.

Upon a consideration of the record, it is not thought such misconduct of the jury is shown as would authorize this court to set aside the conclusion in that particular of the trial court. Houston & T. C. R. Co. v. Gray, 105 Tex. 42, 143 S. W. 606.

The judgment is affirmed.