QUEEN INSURANCE CO. v. JEFFERSON ICE CO.

(Case No. 1888.)

1. INSURANCE — R. S., 2971 — STIPULATIONS — FOREIGN COMPANIES. — An insurance policy provided that in the event of loss the insured party should bear one-fourth of the loss, and that in the event of other insurance, which could be made only with the consent of the insurer, the company should only be liable for its proportion of three-fourths of the cash market value at the time of the fire.\* *Held:*

(1) That in case of a total loss by fire of the insured property, provided it be not personal property, the policy must be considered a liquidated demand against the company for the full amount expressed on its face. R. S., 2971.

(2) That foreign insurance companies, electing to do business in this state under the terms of the statute, must be held to have assented to be governed by our laws, and to have their contracts made and to be enforced in this state, construed as would be like contracts made by a home company. Following Thwing *v.* Ins. Co., 111 Mass., 93; Cox *v.* United States, 6 Pet., 172.

(3) The evident intent of the statute was to make all policies on real property, in cases of total loss, valued policies, without regard to stipulations to the contrary contained in the policies. The stipulation for partial indemnity in case of additional policies being taken out in other companies, with the consent of defendant, did not change defendant's liability to pay the full sum named in the policy.

(4) The mere fact that the sum of the several policies gave the insured full indemnity for the loss furnished no grounds for refusing to pay the several policies. In order to secure good faith on the part of the insured, the first company could, under the contract, have refused to allow him to insure in other companies.

(5) To the extent that the policy covered personal property, its provisions as to the share of loss to be suffered by the insured, as to contributions by the several companies, and like matters, should be allowed full force and effect.

---

\* The insured, with the consent of the first company, took out policies in other companies on the same property, and afterwards the property was destroyed by fire.

2. ERROR — CHARGE.— A defective charge cannot be considered on appeal unless the correct one was asked below by the complaining party.

3. POLICY — INTEREST — INDEMNITY.— If a policy provides that it shall be paid within sixty days after proof of loss, interest cannot run until the sixty days have expired. The contract was intended to secure an indemnity against loss, the parties agreed on the amount of the indemnity, and interest prior to the date when the sum fixed by the policy was to be paid could constitute no part of the indemnity contracted for. Following Nevins v. Ins. Co., 3 Ben. Fire Ins. Cases, 383.

4. PLEADING — EVIDENCE.— A policy provided that in case of loss the insurance company should only be liable for the interest of the insured in the property destroyed. In a suit on the policy plaintiff alleged that the property destroyed belonged to him. *Held*, that a general denial put the ownership in issue, and evidence could be adduced to disprove plaintiff's claim.

APPEAL from Marion. Tried below before the Hon. W. P. McLean.

The appellee, on April 7, 1885, filed suit in the district court of Marion county, Texas, against appellant, on a fire insurance policy issued by appellant. The petition of appellee alleged in substance: That on the 8th day of October, 1884, it was the owner of certain lots in Jefferson, together with the building thereon situated, and an ice machine with all its attachments and apparatus, situated in the building; that it had on storage a lot of beer in kegs; that the building was worth the sum of $1,500, the beer in kegs was worth the sum of $600, and the ice machine with its attachments was worth the sum of $7,499.25; that on that date the appellee procured insurance with the appellant, and The Fire Association of Philadelphia, and The American Fire Insurance Company, through Beard & Claiborne, the common agents of the three companies; that appellant issued a policy of insurance to appellee on the property as follows: $500 on the building, $1,833 on the engine and boiler, $666.75 on condenser, freezing tank and fixtures, pumps and tools, $200 on their beer in kegs — making the total insurance of appellant on the property $3,199.75; that the property was insured for the same amounts, and in the same way, in the two policies issued by the other two companies herein referred to; that in all of the policies there was a mistake mutual to both appellant and appellee in the preparation, in this, that it was not the intention of the parties, in the preparation of the policies, to place separate insurance on the several items of property covered by the policy, but to take in the aggregate the amount of insurance specified in the policy, on the whole of the property, without reference to the separate values of the several parts of the property; that on October 29, 1884, the property covered by the policy of appellant was totally destroyed by fire; that the building at the time of the fire was of the value

of $1,500, and the beer in kegs was of the value of $600, and the ice machine was of the value of $8,997; that the boiler and engine, taken separately, were of the value of $3,000, and the condenser, tank, fixtures and tools were of the value of $4,977.

Appellee prayed that the policy of insurance sued upon be reformed, so as to express the true contract of the parties, and that appellee have judgment for the full amount of the policy.

Appellant, in its first amended original answer, filed June 3, 1885, set up the following defenses:

*First.* General demurrer.

*Second.* Special exceptions to the sufficiency of the allegations in appellee's petition, relating to the alleged mistake in the policy of insurance sued upon.

*Third.* General denial.

*Fourth.* Special denials that there was a mistake in the preparation of the policy, and that appellant intended to insure said property for its full value.

*Fifth.* Special plea that under the policy the appellant is liable for only three-fourths of the loss, not exceeding the amount of the policy, and that there was additional and concurrent insurance in three other companies, amounting in the aggregate to the sum of $6,399.50; that under the policy the appellant is only liable to pay to appellee such proportion of three-fourths of the loss sustained by the plaintiff on the property, as the amount of insurance on the property in the policy of insurance sued upon bears to the whole amount of insurance on said property; and that in no event is appellant liable for an amount exceeding the amount specified in the policy.

*Sixth.* Special plea that there was an appraisement and arbitration between appellant and appellee.

The court overruled the appellant's general demurrer and special exceptions, except the sixth special exception, to which rulings appellant and appellee both excepted.

The appellee filed a trial amendment, to which appellant filed exceptions, which were by the court sustained, to which ruling of the court appellee excepted and declined to further amend.

The case was, thereupon, on the 11th day of June, 1885, tried before a jury, and there was a verdict and judgment for the appellee for the sum of $2,076.85.

*Benners & Miller*, for appellant, on the question of interest, cited: May on Insurance, § 476, and authorities there cited; Wood on Fire Insurance, § 436, and authorities there cited.

On the construction of the policy, they cited: Farmers & Drovers' Ins. Co. *v.* Curry, 13 Bush, 312; S. C., 26 Am. Rep., 194, and authorities there cited.

On the introduction of evidence, they cited: Orell *v.* Hampden Fire Ins. Co., 3 Gray (Mass.), 433; 2 Greenl. on Ev., §§ 376, 378.

*Culberson & Culberson*, for appellee, on the charge of the court, cited: East Texas Fire Ins. Co. *v.* Coffee, 61 Tex., 287; Endick *v.* Endick, 61 Tex., 559.

On the question of interest, they cited: Wood's Fire Ins., p. 4, sec. 2; R. R. Co. *v.* Jackson, 62 Tex., 209.

On the policy being a liquidated demand, they cited: R. S., art. 2971; Fletcher *v.* New York Ins. Co., 13 Fed. Rep., 526.

On the introduction of evidence, they cited: May on Insurance, § 588, and authorities there cited.

STAYTON, ASSOCIATE JUSTICE.— The policy sued upon in this case covered property personal and real; the different items of property covered by the policy, as well as the amount of insurance on each, being stated.

The policy provided, in the event of loss, the insured should bear one-fourth of the loss, and that in the event of other insurance, which could be made only with the consent of the insurer, the company should only be liable for its proportion of three-fourths of the cash market value at the time of the fire.

There was insurance of $500 on a house, under the policy issued by the defendant, and additional insurance on the same property by other companies, with its consent, which amounted to $1,000.

The house was entirely destroyed by fire, and was not shown to exceed $1,500 in value.

Under these facts the court was asked by the defendant to give the following instruction, which was refused:

" The jury are instructed that if they believe, from the evidence, that the building of plaintiff was insured by defendant for $500, and that there was $1,000 of concurrent insurance, and that the policy provides that in the event of loss the assured should bear one-fourth of the loss of the value of said property, then if you find that said building has been wholly destroyed, and its value was $1,500, the defendant is liable for only one-third of three-fourths of said amount of $1,500."

The statute provides that: " A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered

to be a liquidated demand against the company for the full amount of such policy; *provided,* that the provisions of this article shall not apply to personal property." R. S., 2971.

The defendant is a foreign corporation, permitted under certain restrictions to do an insurance business in this state. R. S., 2949 *et seq.*

The contract of insurance was consummated here, it was contemplated that it should be executed here, and we are of the opinion that it must be governed by the laws of this state.

The defendant, having elected to do business here under the terms of the statute, must be held to have assented, as to such business, to be governed by the laws of this state, and to have its contracts evidenced by policies here made complete, and here to be enforced, construed as would be a like contract made by a home company. Thwing *v.* Insurance Co., 111 Mass., 93; Heebner *v.* Insurance Co., 10 Gray, 131; Fletcher *v.* Insurance Co., 13 Fed. R., 528; Cox *v.* United States, 6 Pet., 202; Wood on Fire Insurance, sec. 93.

The language of the statute referred to is clear, and its purpose evidently was to make all policies on real property, in cases of total loss, valued policies, without reference to stipulations contained in them which would give them a different character but for the statute, which becomes a part of every such contract.

By force of the statute, when the loss is total, the policy evidences a liquidated demand, against the company issuing it, for its full amount.

That insurance may have been subsequently obtained, with the consent of the defendant, in other companies on the same property does not affect the liability of the defendant to pay the full sum named in the policy as the indemnity.

The several policies on the house give full indemnity to the insured if the house was not of value greater than $1,500; but this furnishes no reason for denying to the plaintiff the indemnity contracted for.

If, in order to induce good faith and care on the part of the insured, and thus give greater security to the insurer, it was thought that the property, to some extent, should be at the risk of the insured, such protection could have been secured to the defendant by its refusal to permit other insurance to be made on the property, as by the terms of the policy it had the power to do.

In so far as the policy covered personal property, its provisions as to the share of loss to be suffered by the insured, as to contri-

butions by all companies that issued policies on the same property, and other like things, are to be given full effect.

The petition alleged that the engine and boiler were of the value of $3,000, and it is claimed that the court erred in not instructing the jury that they could not find them to be of greater value at the time they were destroyed.

It is a sufficient answer to this assignment to say that, if the charge was thought to be defective in this respect, a charge such as was thought proper should have been requested.

It however is not denied that there was evidence from which the jury might have found that the engine and boiler were of the value of $3,000.

The verdict and judgment in this respect was only for $701.56, which is a less sum than the defendant would have been liable for, under the terms of the policy, had the jury found the engine and boiler to be of the value of $3,000; hence no injury could have resulted to the defendant from the supposed defect in the charge of the court.

The policy provided that the loss should be paid within sixty days after proof of loss was furnished; but the court instructed the jury to give interest from the date of the loss, and this they did.

The contract of insurance is one from which indemnity against loss is intended to be secured; but the parties to such a contract may by it determine what the indemnity shall be, and, in the absence of some law controlling the matter, effect must be given to their contract.

They did contract in such manner that the sum to be paid may be ascertained, and they fixed a time at which it should be paid; and interest, prior to the date when payment of the sum found to be due under the policy, by its terms, should be paid, constitutes no part of the indemnity for which they contracted.  Nevins v. Insurance Co., 3 Bennett's Fire Insurance Cases, 383; Swamscot Machine Co. v. Partridge, 3 Fire Insurance Cases, 481; McLaughlin v. Insurance Co., 2 Fire Insurance Cases, 19; Delonguemare v. Insurance Co., 1 Fire Insurance Cases, 315.

The policy gave insurance of $200 on "their beer in kegs," and contained a provision that the insurer should not be liable for more than the value of the interest of the insured in the property, and further, that it would not be liable for property "held on storage, unless separately and specifically insured as such."

The policy also contained the usual provision that it should be void "if any person shall, now or hereafter, have any interest

therein, or if the assured shall not be the sole and unconditional owner in fee of said property."

The petition alleged that the property destroyed belonged to the plaintiff, and with other defenses the defendant pleaded a general denial.

On the trial the defendant proposed to prove that the beer destroyed was not the property of the plaintiff. The evidence was objected to on the ground that there was no pleading to justify the admission of such evidence, and the objection was sustained.

It is a general rule that an insurer desiring to defeat a policy by showing fraud, misrepresentation or other fact existing at the time of its issuance or afterwards, should plead such fact as is relied upon; but no such case is here presented.

The policy sued on, in terms, only extended or attached to such beer as was owned by the insured, there being no insurance on beer held on storage; and, recognizing that fact, the plaintiff pleaded that the beer and other property destroyed belonged to it, and we are of the opinion that the general denial put that fact in issue, and that the evidence should have been received; for, if the beer did not belong to the plaintiff, the policy did not cover it, however valid the policy may be.

For the errors mentioned the judgment of the court below will will be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered October 30, 1885.]

(Associate Justice ROBERTSON did not sit in this case.)