## PHOENIX INSURANCE CO. V. M. LEVY.
### No. 758.

**1. Fire Insurance Policy—Liquidated Demand—Total Loss—Rebuilding Clause.**

Where an insured house is totally destroyed by fire, a clause in the policy of insurance allowing the company to rebuild, if it so elects, is void because in conflict with article 2971, Sayles' Civil Statutes, providing that a fire insurance policy, in case of a total loss, shall be a liquidated demand against the company for the full amount thereof, except as to personal property.

**2. Same—Constitutionality of Statute—Impairing Obligation of Contracts.**

The statute providing that a fire insurance policy, in case of total loss, shall be a liquidated claim against the company for the full amount thereof, does not impair the obligation of contracts, nor does it deny "the equal protection of the law," because it does not include in its operation tornado and other insurance companies.

**3. Same—Waiver of Proofs of Loss.**

In case of the total destruction of real property, slighter circumstances will suffice to show a waiver of the proofs of loss than in cases of destruction of personal property.

APPEAL from Ellis. Tried below before HON. J. E. DILLARD

*Leake, Henry & Reeves,* for appellant.

*M. B. Templeton,* for appellees.—Appellant's contention as presented in its proposition is, that notwithstanding it agreed to pay appellee in case of loss, a certain number of dollars, that yet it had the option to rebuild, by virtue of another clause found amid the labyrinth of provisions, in a different part of the policy, and that the article of the statute quoted, does not deny this right. We join issue, deny the proposition and assert that the policy is a "liquidated demand" for the full amount (the loss being total) and that the same is payable in money, and hence the right or option to rebuild does not exist. Art. 2971, Rev. Stats.; Ins. Co. v. Jefferson, 64 Texas, 578; Ins. Co. v. Garlington, 66 Texas, 103; 2 W. & W. C. C., 448; 13 Am. & Eng. Encycl. Law, 845; 7 Am. & Eng. Encycl. Law, 1052, sec. 14.

FLY, ASSOCIATE JUSTICE.—This action was instituted to recover of appellant, on a fire insurance policy, the sum of fifteen hundred dollars, alleged to be due by reason of the total destruction by fire of a certain two-story brick building situated in the city of Hillsboro, Texas, in which said sum, by said policy, appellee had been insured against loss by fire. Appellant pleaded that it was provided in the policy that in case the building was destroyed by fire, the insurance company should have the option and privilege of replacing the house by another of like kind and quality, and that it was required that if requested, appellee should furnish appellant with verified plans and specifications of the insured building. It was also alleged that there was a clause in the policy requiring proof of loss within thirty days after destruction by fire,

and that this had not been done, and although the plans and specifications of the building had been demanded of appellee after the fire, he had failed and refused to furnish the same. A demurrer to the pleas aforesaid was sustained by the court, and judgment was rendered in favor of appellee for the amount expressed in the policy.

We conclude that the facts show that on January 4, 1893, appellant, for a consideration, insured the building belonging to appellee described in the petition against fire, for one year, in the sum of fifteen hundred dollars, concurrent insurance to the amount of $6000 being permitted. On December 27, 1893, while the policy of insurance was held and owned by appellee and in full force and effect, the house of appellee was totally destroyed by fire. There was a clause in the policy requiring proofs of loss within thirty days from the time the property was destroyed by fire. The proofs were furnished about forty days after the fire occurred, the thirty day clause being waived by the appellant.

It is provided in article 2971, Sayles' Statutes, that "A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy; provided that the provisions of this article shall not apply to personal property."

We are of the opinion that the clause permitting a rebuilding of the house when destroyed by fire, if the company should so elect, is in conflict with the terms of the statute above copied, and cannot be sustained. The liquidated demand mentioned in the statute cannot be one for chips and whetstones, nor for another house, but a demand for money. The insertion of such a clause in a policy is clearly an attempt to evade the provisions of the statute, for if appellant intended to put fifteen hundred dollars into the new proposed building, there would be no object in contending for the enforcement of the clause, for it could in no manner be benefited by it; and if it intended to put less than fifteen hundred dollars into the house, it would not be paying the full amount of insurance as required by statute. As said by Judge Lightfoot, in Assurance Co. v. Meyer, 29 S. W. Rep., 93, "The language of the statute referred to is clear, and its purpose evidently was to make all policies on real property, in cases of total loss, valued policies, without reference to stipulations contained in them which would give them a different character but for the statute which becomes a part of every such contract." Under similar statutes, the same proposition of law has been enunciated in a number of the States. In Tennessee, the statute provides "that insurance companies shall pay their policy holders the full amount of loss sustained upon property insured by them; provided said amount of loss does not exceed the amount of insurance expressed in the policy." The Supreme Court of Tennessee, discussing the statute and a clause in a policy in conflict with it, says: "The statute cannot be regarded as conferring on the assured a mere personal privilege which may be waived by agreement. It moulds the obligation of the contract into conformity with its provisions, and establishes the rule and measure of the insurers'

liability." Dugger v. Insurance Co., 28 Law Rep. Ann., 796. On the
same point it is said by the Supreme Court of Nebraska, "Where real
property is wholly destroyed by fire, any provision of a policy of insurance
covering such property which in any manner attempts to limit the
amount of the loss to less than the sum written in the policy is in conflict
with the statutory rule, invalid, and will not be enforced." Insurance Co.
v. Bean, 60 N. W. Rep., 907, followed by the same court in Insurance
Co. v. Bachler, 62 N. W. Rep., 911. The same question has been consid-
ered, and the same position thereon has been taken in the following cases:
Havens v. Insurance Co. (Mo.), 27 S. W. Rep., 718; Reilly v. Insurance
Co. (Wis.), 28 Am. Rep., 552; Insurance Co. v. Leslie (Ohio), 9 Law.
Ann. Rep., 45, and many others.

It is urged that if the statute does prevent contracts permitting a
payment of anything except the full demand, in money, expressed in the
policy that it is in contravention of the Constitution of the United
States, in that it impairs the obligation of contracts and contravenes
the provision, in the fourteenth amendment to the Constitution which
provides: "Nor shall any State deprive any person of life, liberty or
property without due process of law, nor deny to any person within its
jurisdiction the equal protection of the laws." It is also contended that
it contravenes section 1977, Revised Statutes United States, which is
as follows: "All persons within the jurisdiction of the United States
shall have the same right in every State and territory to make and en-
force contracts * * * and to the full and equal benefit of all laws
and proceedings for the security of persons and property as is enjoyed
by white persons."

Appellant is a foreign corporation, and voluntarily placed itself un-
der the jurisdiction of the laws of Texas, and nothing more has been or
is required of it than of domestic corporations. It was not compelled to
enter the State of Texas to solicit and obtain business, but when it has
done so, it cannot complain that it is compelled to comply with the laws.
No contract between it and the State has been impaired, for it was noti-
fied of what would be required of it and has assented to it, and the propo-
sition that its rights are being impaired because it cannot violate the laws
of Texas is a proposition that meets with no approval by either Federal
or State courts. Insurance Co. v. Ice Co., 64 Texas, 582; Thwing v.
Insurance Co., 111 Mass., 93; Paul v. Virginia, 8 Wall., 168; Fire As-
sociation v. New York, 119 U. S., 110; Wall v. Assurance Society, 32
Fed. Rep., 273.

Neither is there anything in the law that in any manner interferes with
the fourteenth amendment, requiring "equal protection of the laws,"
when it treats all fire companies alike, whether foreign or domestic. There
can be no force in the contention that the statute makes a discrimina-
tion against fire insurance companies by not including in its operation
tornado and other insurance companies. A similar proposition was dis-
posed of by the Supreme Court of the United States as follows: "It is
simply a question of legislative discretion whether the same liabilities

shall be applied to carriers by canal and stage coaches and to persons and corporations using steam in manufactories." Railway v. Mackey, 127 U. S., 205, citing Railway v. Humes, 115 U. S., 512; Barbier v. Connelly, 113 U. S., 27; Soon Hing v. Crowley, 113 U. S., 703. See also, Dugger v. Insurance Co., 28 Law. Ann. Rep., 796.

We conclude that article 2971 is not repugnant to or in conflict with any provision of the Constitution of the United States, or of Texas, and that public policy demanded the passage of laws protecting those who are insured against any attempted evasion of full payment of the amounts expressed in insurance policies when property is destroyed by fire. To construe the law as desired by appellant, would be to paralyze the execution of it, and practically annul its provisions. As a corollary to the foregoing propositions, it follows that appellant was not entitled to demand and receive of appellee the plan and specifications of the house destroyed by fire. Appellant is charged with knowledge of the kind of house it insured, and whether it cost much or little, it had agreed, in case of destruction by fire, to pay fifteen hundred dollars to appellee, and the statute prohibits any scaling of the debt.

It was found by the trial judge that there had been a waiver of the clause requiring proof of loss within thirty days from the time it occurred. We are of the opinion that the evidence supports this conclusion. All of the acts of the adjuster and agent tended to lead the assured to believe that a compliance on his part with the clause in question was not desired. While the facts are abundant to show a waiver, yet in a case of the total destruction of real property, proofs of loss being of small advantage or utility to insurers, slighter circumstances, it would seem, might suffice to show a waiver than in cases of destruction of personal property. Indeed, the Supreme Court of Pennsylvania has held that when the insurer has full notice of the total destruction of an insured house, no further notice or proofs of loss are necessary. "As a rule, the law does not require vain things, and technical proofs could but restate that of which the company was already informed." Roe v. Insurance Co., 23 Atl. Rep., 718. It is said by the same court that, "the waiver of the proofs of loss required in a policy may be inferred by any act of the insurer evincing a recognition of the liability, or a denial of obligation exclusively for other reasons." Insurance Co. v. Dougherty, 102 Pa. St., 568. The adjuster in this case made no objection to a settlement except on the ground that he did not want to pay the full amount specified in the policy, and made offers to pay a less sum. It was not intimated that the company would rely on the 30-days clause in the policy. It becomes unnecessary for this court to pass on the applicability of the statute (Acts 22d Legislature, section 2, page 20) in regard to notices of claims for damages, to proofs of loss in fire insurance cases.

We are of the opinion that the judgment should be affirmed.

*Affirmed.*