AMERICAN CENTRAL INS. CO. v. TERRY et al.

No. 1341—5462.

Commission of Appeals of Texas, Section A. March 26, 1930.

Edgar Wright, of Paris, and E. G. Senter, of Dallas, for plaintiff in error.

Robbins & Bailey, of Clarksville, and Long & Wortham, and W. S. Moore, all of Paris, for defendants in error.

SHARP, J.

For a partial statement of the nature and result of this suit, we quote as follows from the opinion of the Court of Civil Appeals:

"This suit was filed by the defendant in error Terry against the plaintiff in error for recovery of $4,500 and accrued interest on a fire insurance policy. The property insured was the residence of the defendant in error, situated in Clarksville, Tex., which was burned in December, 1925. The defendant in error claimed that there was a total loss, and asked judgment for the full amount of the policy. The Paris Building & Loan Association intervened in the suit, claiming to be a creditor of the insured to the amount of $2,717.05 secured by a lien on the proceeds of the policy. In addition to filing exceptions

and a general denial, the plaintiff in error sought to abate the action upon the ground that an agreement for an arbitration had been entered into between it and the defendant in error Terry, and no award had been made by the arbitrators selected. It pleaded the following provisions of the policy:

" 'In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately the sound value and damage, and failing to agree shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss.'

"The policy further stipulated that the loss should not become payable until sixty days after the ascertainment, estimate, and satisfactory proof of the loss therein required had been received by the company, including an award by the appraisers appraising, if any had been required. The court overruled the plea in abatement, and submitted the following issue, which was answered in the affirmative:

" 'Was the building in issue in this case after the fire a total loss? Answer yes or no. In this connection you are instructed that there can be no total loss so long as the remnant of the structure standing is reasonably adapted for use as a basis on which to restore the building to the condition in which it was before the injury. Whether it is adapted depends upon the question whether a reasonably prudent owner, uninsured, desiring such a structure as the one in question was before the injury, would, in proceeding to restore the building to its original condition, utilize such remnant as such basis.'

"Other interrogatories were propounded, the answers to which were rendered unnecessary by the affirmative answer to the first interrogatory. Upon the answer given the court rendered a judgment against the plaintiff in error for the full amount of the policy.

"This is the second appeal in this case. The first is reported in 298 S. W. 658, to which reference is made for a fuller statement of the pleadings.

"There are, we think, but two questions presented which call for special consideration and discussion. One is, did the court err in overruling the plaintiff in error's plea in abatement? The other is, does the evidence support the verdict of the jury finding that there was a total loss?

"It appears that, before any suit was filed, the defendant in error Terry entered into a written agreement with the plaintiff in error to arbitrate their differences as to the extent of the loss. Terry claimed that the loss was total, while the representative of the plaintiff in error contended that it was only partial. After reciting the provisions of the policy relating to arbitration in case of disagreement as to the amount of the loss, the arbitration agreement contained the following stipulation:

" 'Witnesseth: That J. F. Kunkel and A. L. Hartshorne shall appraise and ascertain the sound value of the loss upon the property damaged and destroyed by the fire of December 13, 1925; as specified below. Provided, that the said appraisers shall first select a competent and disinterested umpire, who shall act with them in matters of difference only. The award of any two of them made in writing in accordance with this submission shall be binding upon both parties as to the amount of such loss. It is expressly understood that this appraisement is for the purpose of ascertaining and fixing the amount of sound value and loss and damage only to the property hereinafter described, and shall not determine, waive, or invalidate any other right or rights of either party.'

"The two arbitrators selected failed to agree upon the amount of the loss, and also failed to agree upon an umpire. After that failure, this suit was filed; the plaintiff's petition alleging that the property insured was totally destroyed. In the first trial the jury found that the building was only partially destroyed, but that judgment was reversed on appeal and the case remanded. It was in the second trial that the jury returned a verdict finding, in effect, that the building was totally destroyed."

An appeal was made to the Court of Civil Appeals for the Sixth Supreme Judicial District by the American Central Insurance Company, and the case was affirmed. 15 S.W. (2d) 81. A writ of error was granted by the Supreme Court.

The policy involved in this suit contains the following provisions:

"In the event of disagreement as to the amount of loss the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire; the appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss. * *. *

"No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full

164

compliance by the insured with all the foregoing requirements."

Article 4929, Revised Civil Statutes, reads as follows: "A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy. The provisions of this article shall not apply to personal property."

The test of what constitutes a total loss has been settled in this state and in an exhaustive and able opinion rendered by the Supreme Court, speaking through Justice Denman in the case of Royal Ins. Co. v. McIntyre, 90 Tex. 170, 37 S. W. 1068, 1074, 35 L. R. A. 672, 59 Am. St. Rep. 797, after reviewing many authorities and cases, says: "After a careful consideration of the question, we are of opinion that there can be no total loss of a building so long as the remnant of the structure standing is reasonably adapted for use as a basis upon which to restore the building to the condition in which it was before the injury; that whether it is so adapted depends upon the question whether a reasonably prudent owner, uninsured, desiring such a structure as the one in question was before injury, would, in proceeding to restore the building to its original condition, utilize such remnant as such basis."

In the case of National Liberty Insurance Co. v. Dansby (Tex. Com. App.) 260 S. W. 1040, 1041, Presiding Judge German, delivering the opinion, says: "We are authorized by the Supreme Court to say in this instance that, unless there is something in the contract of insurance to indicate with reasonable certainty that the foundation of the building is not covered by the insurance, then, as it is an essentially necessary part of the structure, it will be held to be included in the policy. In case the foundation was of wood or some other combustible material, and a fire should result in a partial loss to the foundation, a contrary rule would prevent recovery of any sum for such loss. There might also arise cases where fire in the basement of a building resulted in a material loss to the foundation, but, if it be held that the policy did not cover the foundation, unless it be specially contracted to that effect, this would preclude recovery for such damage. If the rule contended for by defendant in error should be adopted because the foundation in this instance was concrete, and underground, it would necessarily apply if the foundation were constructed of any other material, and not underground. We think therefore that the safer rule is that above announced."

The rule is well settled in this state that when the loss is total, it is a liquidated demand, and proof of loss is not necessary. Suit can be maintained on the policy as on any other liquidated demand, if the property on which the policy was issued was real property, and that it had been totally destroyed. Queen Ins. Co. v. Jefferson Ice Co., 64 Tex. 582.

We are confronted at the very threshhold of this case with this question: Is this a total loss by fire of the property insured? We have carefully considered all of the testimony introduced in this case. There was introduced in evidence photographs taken of the house alleged to have been totally destroyed after the fire occurred, and we attach some of those photographs to this opinion, which are exhibited as follows:

NORTH VIEW OF THE BUILDING.

SOUTH VIEW OF THE BUILDING.

WEST VIEW OF THE BUILDING.

SOUTHWEST VIEW OF THE BUILDING.

From the evidence and the photographs disclosed in this record, it is our opinion that the evidence is undisputed that the house alleged to have been burned or damaged is not a total loss. It is with reluctance that we disagree with the findings of the jury and the Honorable Court of Civil Appeals to this effect, but as we view this record and testimony, there is but one reasonable conclusion that can be drawn therefrom, and that is that the house alleged to have been damaged by fire is not a total loss.

A consideration of this case brings us to another question: The loss not being total, is the insurance company entitled to an appraisal or arbitration of the loss as a condition precedent to filing the suit? In view of the fact that plaintiff did not suffer a total loss by reason of the fire, and that by reason of the provision in the policy which requires an appraisal or arbitration as a condition precedent to filing the suit, we are of the opinion that the insurance company is entitled to an appraisal and arbitration of the damages or loss, as provided for in the policy, unless waived by the company. Scottish Union & Nat. Insurance Co. v. Clancy, 71 Tex. 5, 8 S. W. 630; Id., 83 Tex. 113, 18 S. W. 439.

Cooley's Briefs on Insurance (2d Ed.) Volume 7, 6137, lays down the following rule: "If there is an express stipulation forbidding any suit or action on the policy until after compliance with the provisions in relation to appraisement or arbitration, there can, of course, be no action maintained until such provisions have been met."

Many authorities are cited by the author to sustain this rule.

However, this rule may be waived by the acts and conduct of the company or its agents and representatives, and the general rules governing a waiver are as follows:

(a) Parol waiver; (b) refusal to arbitrate; (c) denial of liability; (d) failure to demand arbitration or appraisal; (e) acts inconsistent with intention to arbitrate; (f) appointment of prejudiced appraiser; (g) improper conduct during appraisement. Cooley's Briefs on Insurance (2d Ed.) vol. 7, pp. 6219, 6220, etc.

It is a further recognized rule that if the insured, in good faith, selected a competent and disinterested appraiser to ascertain and estimate the loss, as provided for in the policy, and that it was not the fault of the appraiser selected by the insured that an appraisement or arbitration of the loss was not made, then the insured has complied with that provision of the policy which requires an appraisal or arbitration of the loss as a condition precedent to filing his suit.

There are other assignments raised, but in view of the fact that this case will be reversed and remanded, we will not consider the other matters complained of, because they will not likely arise upon another trial.

For the reasons herein stated, we recommend that the judgment of the Court of Civil Appeals and the trial court be reversed, and that this cause be remanded to the trial court for another trial.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded to the district court, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.