## GLEN FALLS INS. CO. et al. v. ROGERS.

### No. 765.

Court of Civil Appeals of Texas. Eastland.

Dec. 5, 1930.

Thompson, Knight, Baker & Harris, of Dallas, for appellants.

Oxford & McMillan, of Stephenville, for appellee.

HICKMAN, C. J.

The appeal is from a judgment in favor of appellee for herself and as guardian of her minor child in a consolidated cause. She instituted two suits, one against Glen Falls Insurance Company and the other against New York Underwriters Insurance Company. Each suit was upon a policy of fire insurance issued by the respective companies upon a house which was destroyed or damaged by fire. The two causes were consolidated and tried as one in the lower court. Upon the answer of the jury that the house was a total loss, judgment was rendered against each appellant for the face value of the respective policies issued by them.

Only the controlling question in the case will be discussed. Three issues were submitted to the jury, but only one of them was answered. Under the instruction of the court the others were to be answered only in the event the first issue was answered in the negative. Issue No. 1, which was answered "Yes," was as follows: "Was the building that was insured against loss by fire under the policies exhibited in evidence before you a total loss? Answer yes or no, just as you find."

Following immediately upon this issue was a definition of "total loss" in the following language: "To aid you in arriving at a proper answer to special issue No. 1, you are instructed that a total loss does not mean an absolute extinction. The question is not whether all of the parts and material composing the building are absolutely or physically destroyed, but it is whether after the fire the thing insured still exists as a building. Although you may find the fact that after the fire a large portion of the four walls were left standing, still if you find that the fact is that the building has lost its identity and specific character as a building, you may answer said special issue in the affirmative within the meaning of the policies exhibited in evidence before you, otherwise you will answer it in the negative."

To this definition appellants timely interposed the following written objection and exception: "They and each of them object to the definition of a total loss given in connection with special issue No. One, because the identity rule, as set out in said definition or charge is not the proper legal rule for measuring whether a total loss has occurred in those cases raising that issue; and because the true legal rule in connection therewith is whether following the fire, there is some substantial portion of the structure remaining which a reasonably prudent owner uninsured would have used as a basis for restoring said building to the condition in which it was before the fire."

The action of the trial court in overruling the foregoing objection and in giving in charge to the jury the definition of "total loss" above set forth is assigned as error and properly brought here for review.

The rule adopted by the trial court in the foregoing definition is known as the "identity and specific character" rule. It was approved by our Supreme Court in Hamburg-Bremen Fire Ins. Co. v. Garlington, 66 Tex. 103, 18 S. W. 337, 59 Am. Rep. 613, and has been approved by opinions of Courts of Civil Appeals, but in the case of Royal Insurance Co. v. Mc-

466

Intyre, 90 Tex. 170, 37 S. W. 1068, 35 L. R. A. 672, 59 Am. St. Rep. 797, the rule was repudiated, and a rule was announced practically in the language of appellant's objection above copied. The question is discussed at length in an opinion by the Commission of Appeals, approved by the Supreme Court, in the case of Fire Ass'n v. Strayhorn, 211 S. W. 447, 449, from which we quote as follows: "We conclude that there can be no total loss of a building so long as a substantial remnant of the structure, standing in place, is reasonably adapted for use as a basis upon which to restore the building to the condition in which it was before the injury, and whether it is so adapted depends upon whether a reasonably prudent owner, uninsured, desiring such a structure as the one in question was before the injury, would, in proceeding to restore the building to its original condition, utilize such remnant as such basis."

The question was again considered by the Commission of Appeals in the case of National Liberty Ins. Co. v. Dansby, 260 S. W. 1040, where it was announced that the "identity and specific character" rule for determining the question of total loss has been superseded in this state by the rule announced in the McIntyre Case. The holding of the Commission in the Dansby Case was expressly approved by the Supreme Court. The rule established by these decisions condemns the charge of the trial court in the instant case. The question of whether the building was a total loss within the meaning of the correct definition thereof was an issue of fact raised by the evidence, and, since that issue of fact has been determined upon an erroneous instruction, the record contains no basis for the judgment rendered.

It is therefore our order that the judgment of the trial court be reversed and the cause remanded.