EXPORT INS. CO. v. AXE et al.
No. 798.

Court of Civil Appeals of Texas. Eastland.
Feb. 6, 1931.

Rehearing Denied March 13, 1931.

Cox & Hayden, of Abilene, for appellant.

Scarborough, Ely & King, of Abilene, for appellees.

HICKMAN, C. J.

The suit was upon a policy of fire insurance issued by appellant to appellees upon certain gin buildings and machinery. The different items of property were set out separately in the policy, and a specified amount of insurance provided as to each item. Four separate buildings were covered in amounts, respectively, of $2,000, $900, $500, and $100. The last two named buildings were not burned, and no recovery was sought or obtained therefor. Recovery was had for the first two named buildings and also for an engine insured for $4,250 and for machinery insured for $7,250. The case was submitted to a jury on three special issues, by its answers to which the following facts were determined: (1) The engine was a total loss as a result of the fire; (2) the reasonable cash market value of the engine immediately before the fire was $6,500; and (3) the reasonable cash market value immediately before the fire of all of appellee's machinery, other than the engine, was $7,200. Upon these findings judgment was rendered for appellees for $14,400. This amount included the following items: $2,900 on the two houses destroyed; $7,250 on- the machinery other than the engine, and $4,250 on the engine. From this judgment appellant has perfected an appeal.

The controlling question relates to the action of the trial court in not sustaining appellant's plea in abatement. The matters pleaded in abatement were also pleaded in bar to appellees' right of recovery. These pleadings set up a provision of the policy, common to all standard policies of fire insurance, to the effect that, in the event of disagreement as to the amount of loss, the same should be ascertained by appraisers. Appellees refused, after due demand, to submit the matter to appraisement, and rely for justification of their action on. the contentions, first, that all the property covered by the policy was real estate, and, second, that same was a total loss.

The rule is well settled that, by virtue of article 4929, R. S. 1925, if the property was real estate and the loss total, the stipulation in the policy for.an appraisement is not applicable. Ætna Ins. Co. v. Shacklett (Tex. Civ. App.) 57 S W. 583; Natl. Fire Ins. Co. v. House (Tex. Civ. App.) 197 S. W. 476;. Am. Central Ins. Co. v. Terry (Tex. Civ. App.) 15 .S.W.(2d) 81; Id. (Com. App.) 26 S.W.(2d) 162; 26 C. J. 417; 14 R. C. L. p. 1355, § 525.

The first question therefore for us to determine is, Was the property real estate? No contention is made that the buildings were not a part of the realty, but the insistence is that the machinery and engine were personalty. John Axe testified fully with regard to the character of this machinery, and his testimony was not disputed. It reveals that it was the ordinary machinery used in the operation of a cotton gin. "That machinery in the house, we attached that to the building as it naturally should be, to operate in that building. We put it in there stationary. When we put that machinery in that building we intended to operate it to gin cotton. We never did intend to take it out. I attached this machinery to the property with the idea of leaving it there as long as it was fit to use,—to leave it there. As to how that machinery, those gin stands, were attached to the building, I will say the gin stands were attached to the sills in the floor. They were bolted down."

Following this testimony the. witness described each item of the property, and then stated: "There was no part of that property that was not attached to the real estate. It was all attached as part of the real estate."

The land upon which the gin was situated belonged to appellees. They had operated the gin for several years prior to the fire. Whether or not machinery is a part of the land does not depend alone upon whether the same is bolted or nailed to the building. Other familiar factors are determinative. Under this undisputed evidence all of the machinery would have passed under a deed conveying only the land. Citizens' Nat. Bank

v. Elk Mfg. Co. (Tex. Com. App.) 29 S.W.(2d) 1062; Jones v. Bull, 85 Tex. 136, 19 S. W. 1031; Brown v. Roland, 92 Tex. 54, 45 S. W. 795; Potter v. Mobley (Tex. Civ. App.) 194 S. W. 205; Alexander v. Anderson (Tex. Civ. App.) 207 S. W. 205; Ford v. Van Valkenburg (Tex. Com. App.) 228 S. W. 194.

Appellant insists that the status of the machinery as personalty was fixed by the following provision of the policy: "It is understood and agreed that each item or subject of insurance under this policy, (other than the building or buildings) is, for the purpose of this contract of insurance, to be treated and considered as personal property."

The validity of this stipulation must be tested in the light of article 4929, R. S. 1925, reading as follows: "A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy. The provisions of this article shall not apply to personal property."

The case of Westchester Fire Ins. Co. v. Roan (Tex. Civ. App.) 215 S. W. 985, 986, is relied on by appellant to uphold the validity of the provision. That case does contain a statement upholding its validity, and a writ of error was refused therein by the Supreme Court. We are not advised as to which party prosecuted the writ of error, but from the nature of the judgment rendered in the Court of Civil Appeals it would appear likely that the writ was prosecuted by the insurance company, in which event the correctness of the ruling was not put in question. We note the following language in that opinion: "It is by no means clear from the evidence in the case before us that all of the machinery specified in the policy of insurance was so attached to the freehold, under familiar rules relating thereto, as to become part of the soil."

That being the state of the record in that case, the question of the validity of the stipulation was not necessary for decision. This further observation regarding that authority is made: The opinion states that there was a conflict between the cases of Ætna Ins. Co. v. Lewis (Tex. Civ. App.) 204 S. W. 1170, upholding the validity of such stipulation, and the case of Ginners' Mutual Underwriters v. Wiley & House (Tex. Civ. App.) 147 S. W. 629, condemning same, and that, since a writ of error was refused in the former case, same was regarded as controlling. We observe that error was also refused in the latter case, and that, in our opinion, the question was not decided in the Lewis Case. We shall, therefore, look to other authorities than the one cited by appellant to determine the question here presented.

In the case of Queen Ins. Co. v. Jefferson Ice Co., 64 Tex. 578, the Supreme Court construed the article in this language: "The language of the statute referred to is clear, and its purpose evidently was to make all policies on real property, in cases of total loss, valued policies, without reference to stipulations contained in them which would give them a different character but for the statute, which becomes a part of every such contract." The same construction was given in Phoenix Ins. Co. v. Levy, 12 Tex. Civ. App. 45, 33 S. W. 992, Commercial Union Assur. Co. v. Meyer, 9 Tex. Civ. App. 7, 29 S. W. 93, and Sun Mutual Ins. Co. v. Holland, 2 Willson, Civ. Cas. Ct. App. § 443.

The exact question was presented in Ginners' Mutual Underwriters v. Wiley & House (Tex. Civ. App.) 147 S. W. 629 (error refused), wherein it was held that it was not competent for the parties by agreement to impress realty with the character of personalty, for the reason that the effect thereof would be to contravene and evade the terms of the statute.

In the case of Havens v. Germania Ins. Co., 123 Mo. 403, 27 S. W. 718, 26 L. R. A. 107, 45 Am. St. Rep. 570, the Supreme Court of Missouri construed a like provision in an insurance policy in the light of the valued policy article of the statutes of that state similar to article 4929, and held that to give effect to the stipulation in the policy would be permitting a contract to change the law. The stipulation was therefore held to be a nullity.

The same question was presented to the Supreme Court of Mississippi, which state also has a valued policy article in its statutes, in the case of Darden v. Liverpool & London & Globe Ins. Co., 109 Miss. 501, 68 So. 485, and it was there held that the stipulation in the policy was against the statute and therefore void.

To the same effect is the case of Ins. Co. of N. A. v. Bachler, 44 Neb. 549, 62 N. W. 911, by the Supreme Court of Nebraska. The reasons for the holding are so clearly stated by the Supreme Court of Ohio in the case of Queen Ins. Co. v. Leslie, 47 Ohio St. 409, 24 N. E. 1072, 1074, 9 L. R. A. 45, that we quote at length therefrom as follows: "The statute rests upon considerations of public policy: one of its purposes being to exact of insurance companies doing business in this state reasonable diligence and care to avoid improper risks and overinsurance, by requiring their agents to make personal examination of the property, and fix its insurable value, before writing the insurance. * * * Under the rule of liability thus established by the statute, responsible companies are less likely to take risks recklessly, or for a sum greater than the value of the property, and persons whose buildings are insured receive protection against the injustice resulting from merely technical defenses founded upon the many conditions inserted in the policy, formerly resorted to. The statute cannot be treated as conferring upon the assured a more personal privilege, which may be waived or qualified

by agreement. It has a broader scope. It moulds the obligation of the contract into conformity with its provisions, and establishes the rule and measure of the insurer's liability. Terms and conditions embraced in the policy inconsistent with the provisions of the statute are subordinate to it, and must give way."

We conclude that it was not competent for the parties, by stipulation in the policy, to effect a change in the status of the machinery, and that the stipulation having that purpose in view was and is null and void as contravening the statute.

[redacted] The next question for determination is, Was the property a total loss? It is not contended that the buildings or the machinery, other than the engine, were not a total loss. The controversy is limited to the question of whether the engine could have been restored by making certain repairs thereto. It is well settled in this state that, in determining whether a building, which has been damaged by fire, is a total loss, within the meaning of a fire insurance policy, the true rule is whether, following the fire, there is some substantial portion of the structure remaining which a reasonably prudent owner, uninsured, would have used as a basis for restoring the said building to the condition in which it was before the fire. Royal Ins. Co. v. McIntyre, 90 Tex. 170, 37 S. W. 1068, 35 L. R. A. 672, 59 Am. St. Rep. 797; Fire Ass'n v. Strayhorn (Tex. Com. App.) 211 S. W. 447; American Central Ins. Co. v. Terry (Tex. Com. App.) 26 S.W. (2d) 162; Glen Falls Ins. Co. v. Rogers (Tex. Civ. App.) 33 S.W.(2d) 465. The same rule is applicable to an engine which has become a part of the realty.

Several witnesses testified that the engine was a total loss. Appellant's witness, Dietz, testified that the engine could be repaired at a cost of $1,103.80. Appellees' witness, Woody, testified: "As to this being a partial or total loss, for myself I would consider it a total loss, because the repairs on it would be what the engine is worth." If the jury believed this evidence, it clearly supported the finding of total loss, as no reasonably prudent person would undertake to repair a burned engine when he could purchase a new one at the same price. Appellant's witness, Dietz, also testified as follows: "I do not mean to tell the jury that a fire of this kind would burn there long enough to get the west side not only red, but white, would not effect that engine. I did not tell them that. I would not tell them that. If it did do that, I would tell them it could not be repaired."

[redacted] Appellee Carl Axe testified that he was present at the fire; that a tank of fuel oil was near the engine, the burning of which produced great heat for a long period of time, and that the engine "got awfully hot; it got white. It's true that I said awhile ago that it was red hot, but it got both. It got both red and white." The jury had the right to believe this witness, and, if his testimony is believed, the engine was a total loss under the testimony of appellant's own witness. We therefore conclude, first, that the property covered by the insurance policy was all real estate, and that same was a total loss. It therefore follows that appellees were not required to have the amount of the loss submitted to appraisers.

[redacted] Error is assigned to the action of the trial court in rendering judgment for $7,250 on the item of machinery when the jury found the value of such item to be $7,200. The assignment is overruled. The answer of the jury was immaterial, since the property was real estate and a total loss, and the court could not have consistently rendered judgment for less than the face value of the policy thereon. Neither this issue nor the third issue was material. If the property was a part of the realty, the value was unimportant; if personalty, the plea in abatement should have been sustained and no judgment rendered for appellees.

The seventh proposition is as follows: "Appellant having controverted the value of the engine in question and the value of the other machinery other than the engine, and the burden being upon appellees to establish said values, and the court having failed in its charge to place the burden of proof upon the appellees to establish said values, it was reversible error for the court to refuse to amend his charge and place said burden upon the appellees when his attention was called thereto by an exception seasonably made."

[redacted] No error is presented by this assignment. It is not always necessary to give a charge on the burden of proof. The question involved was value, and on such issue no charge on burden of proof is required. Bernard's, Inc., v. Austin (Tex. Civ. App.) 300 S. W. 256; Davis v. Hill (Tex. Civ. App.) 291 S. W. 681; T. & N. O. Ry. Co. v. Syfan (Tex. Civ. App.) 43 S. W. 551.

[redacted] Further, since the question of the value of the property was immaterial, the findings with regard thereto were likewise immaterial. It follows that, if the court erred in this regard, same was harmless.

[redacted] No reversible error is disclosed with regard to the admission of certain evidence given by the witness Tillett. Even if the evidence had been improper, it would not work a reversal, because the same evidence was elicited from the witness Dietz without objection. 3 Tex. Jur. p. 190, § 126.

[redacted] No error is disclosed in appellant's bill of exceptions No. 3, regarding the admission of testimony of the witness Woody. The bill of exceptions was qualified by the trial court by setting out the question and answer

form of the examination. When a party accepts a bill of exceptions which has been qualified by the trial court, he is bound by the qualification. 3 Tex. Jur. § 464. This bill, as qualified, discloses that the appellant's grounds of objection and exception were not stated in the trial court. We would therefore not be warranted in reviewing the matter. 3 Tex. Jur. §§ 335 and 127.

No reversible error being disclosed, it is our order that the judgment of the trial court be affirmed.