## SECURITY INS. CO. v. VINES.
### No. 3789.

Court of Civil Appeals of Texas. Amarillo.

April 6, 1932.

Rehearing Denied May 4, 1932.

Thompson, Knight, Baker & Harris, of Dallas, for appellant.

M. J. Baird, of Plainview, for appellee.

RANDOLPH, J.

Suit by appellee Vines against appellant on an insurance policy on his residence which was destroyed by fire. Judgment for appellee, and the company has appealed.

The principal question raised on the appeal is the alleged failure of the appellee to make proof of loss and, under the terms of the policy, that the suit was premature.

The evidence introduced by appellee upon that question is, substantially: That when the fire occurred appellee called up appellant's agent, H. W. Harrell, and informed him of the destruction of his house by fire. The agent then got in his car and went and inspected the "ruins." He requested that appellee come to his office, and that afternoon appellee came to such office and the agent asked him to give as near as he could the facts of the fire. The agent then made up a "loss" report and mailed it to the company.

The appellant's contention that the appellee failed to make a detailed report of loss to the appellant, and for that reason was not entitled to recover, cannot be sustained by us. Where a loss is total, as in the case of the destruction by fire of appellant's house, the policy becomes a liquidated demand, and proof of loss is not necessary. Queen Insurance Company v. Jefferson Ice Co., 64 Tex. 584; American Central Ins. Co. v. Terry (Tex. Com. App.) 26 S.W.(2d) 162, 164.

The question raised by appellant, that the court erred in refusing a peremptory in-struction in its favor because the building described in the policy sued on was not entirely situated on the plaintiff's land, cannot be sustained, for the reason that the evidence is conflicting; and, the jury having found that the building was situated entirely on appellee's land, we cannot disturb their verdict.

There is no merit in the other contentions of appellant, and we overrule all assignments.

We therefore, affirm the judgment of the trial court.

### On Motion for Rehearing.

MARTIN, J.

The appellant on motion for rehearing apparently questions only the soundness of the original opinion in holding that no proof of loss was necessary under the facts therein recited.

The language of two opinions of comparatively recent date are not in exact accord on this question.

In the case of American Central Ins. Co. v. Terry, 26 S.W.(2d) 162, 164, section A of the Commission of Appeals of Texas uses the following language: "The rule is well settled in this state that when the loss is total, it is a liquidated demand, and proof of loss is not necessary. Suit can be maintained on the policy as on any other liquidated demand, if the property on which the policy was issued was real property, and that it had been totally destroyed. Queen Ins. Co. v. Jefferson Ice Co.; 64 Tex. 582."

In the case of Fire Association of Philadelphia v. Strayhorn, 211 S. W. 447, 450, this same court, discussing the same question, says:

"In Queen Ins. Co. v. Ice Co., 64 Tex. 578, it was held that the evident purpose of the statute was to make the policies on real property, in cases of total loss, valued policies, without reference to stipulations contained in them which would give them a different character, but for the statute; and that by force of the statute when the loss is total the policy evidences a liquidated demand against the company. There is no intimation therein that the statute obviates the necessity of proof of loss, or that the policy becomes due and payable immediately upon the loss, despite any provision in the policy to the contrary. * * *

"The statute only fixes the amount, and in no manner affects the right of the parties to contract as to the due date of the amount so fixed. Notice and proof of loss provide the insurer data for investigation to determine whether liability exists. The provision fixing the date of payment 60 days after the filing of proof of loss affords insurer the time required for such investigation. These con-

tractual provisions are reasonable and do not contravene the statute."

Both these authorities mention the same statute, viz., article 4929, and both apparently attempt to construe the case of Queen Ins. Co. v. Jefferson Ice Co., 64 Tex. 582.

Without expressing any opinion as to the soundness of either of these, we feel impelled to follow the case first mentioned, since it is, so far as we can ascertain, the last expression upon the subject.

Accordingly we overrule the appellant's motion.