### EXPORT INS. CO. OF NEW YORK v. AXE et al.

No. 1385—5985.

Commission of Appeals of Texas, Section B.
March 15, 1933.

Cox & Hayden, of Abilene, and Thompson, Knight, Baker & Harris and Will C. Thompson, all of Dallas, for plaintiff in error.

Scarborough, Ely & King, of Abilene, for defendants in error.

RYAN, Judge.

A brief statement of the case, made by the Court of Civil Appeals, is as follows: "The suit was upon a policy of fire insurance issued by appellant to appellees upon certain gin buildings and machinery. The different items of property were set out separately in the policy, and a specified amount of insurance provided as to each item. Four separate buildings were covered in amounts, respectively, of $2,000, $900, $500, and $100. The last two named buildings were not burned, and no recovery was sought or obtained therefor. Recovery was had for the first two named buildings and also for an engine insured for $4,250 and for machinery insured for $7,250. The case was submitted to a jury on three special issues, by its answers to which the following facts were determined: (1) The engine was a total loss as a result of the fire; (2) the reasonable cash market value of the engine immediately before the fire was $6,500; and (3) the reasonable cash market value immediately before the fire of all of appellee's machinery, other than the engine, was $7,200. Upon these findings judgment was rendered for appellees for $14,400. This amount included the following items: $2,900 on the two hous-

es destroyed; $7,250 on the machinery other than the engine, and $4,250 on the engine."

The Court of Civil Appeals affirmed the judgment below. 36 S.W.(2d) 572, 573.

Plaintiff in error's first assignment of error is to the effect that the answer of the jury to the first special issue is wholly without evidence in support thereof, and its second assignment is to the effect that the court is not bound by the jury's answer to the first special issue because the evidence on said issue is so grossly preponderating in the company's favor that reasonable minds would not differ on the question as to whether or not the engine was a total loss, and therefore the jury's verdict is not supported by the evidence.

Special issue No. 1 (answered affirmatively) was submitted as follows: "Was plaintiffs' engine a total loss as a result of the fire?"

As said by the Court of Civil Appeals: "It is not contended that the buildings or the machinery, other than the engine, were not a total loss. The controversy is limited to the question of whether the engine could have been restored by making certain repairs thereto."

In this connection there is involved the question of whether the destroyed property should be classed as real estate. It is not claimed that the buildings were not part of the realty, but the insistence is that the engine and machinery were personalty.

If such engine and machinery were realty and were totally destroyed, then the policy became a liquidated demand against the company for the full amount thereof. Article 4929, Rev. Stat. 1925.

The evidence showed that the engine and machinery were attached to the building, were stationary, and intended to be permanent fixtures, the gin stands were attached to the sills set in concrete in the floor, and there was no part thereof that was not attached as part of the real estate. The engine was set in a concrete foundation and the machinery attached to concrete sieves, not removable without taking apart the foundation.

Gin property may become part of the realty. Jones v. Bull, 85 Tex. 136, 19 S. W. 1031; Brown v. Roland, 92 Tex. 54, 45 S. W. 795; Citizens' Nat. Bank v. Elk Mfg. Co. (Tex. Com. App.) 29 S.W.(2d) 1062.

We have concluded that the evidence was sufficient to identify the property as real estate. We have concluded also that the evidence was sufficient to sustain the jury's finding that the engine was a total loss as a result of the fire.

While there was evidence that the engine could be repaired, it was also testified that such an engine subjected to a very hot fire, lasting some time, would be totally destroyed, so far as its usefulness is concerned, and that to repair it would cost more than its worth; that the engine was a total loss, it had gone through a white heat, parts of it melted, and other parts were warped beyond repair.

The jury believed the latter evidence, and its finding on the disputed question of that fact is conclusive.

It is contended by the company that the machinery must be classified as personal property because the policy contained this clause: "It is understood and agreed that each item or subject of insurance under this policy, other than the building or buildings, is, for the purpose of this contract of insurance, to be treated and considered as personal property."

The property in question having been found to be real estate, recovery for its loss by fire must be measured by article 4929, Rev. Stat. 1925, which provides that a fire insurance policy, in case of a total loss by fire of property insured, shall be held to be a liquidated demand against the company for the full amount of the policy, and the purpose thereof was to make all such policies, in cases of total loss, valued policies without reference to stipulations contained in them, which would give them a different character but for the statute which becomes a part of every such contract. Queen Ins. Co. v. Jefferson Ice Co., 64 Tex. 578; Ginners' Mutual Underwriters v. Wiley & House (Tex. Civ. App.) 147 S. W. 629; Phœnix Ins. Co. v. Levy, 12 Tex. Civ. App. 45, 33 S. W. 992; Commercial Union Assurance Co. v. Meyer, 9 Tex. Civ. App. 7, 29 S. W. 93.

It is complained that it was reversible error for the trial court to overrule and not sustain the company's plea in abatement based upon the insured's refusal to submit to an appraisal of the destroyed property in view of the provisions of the policy providing for same as a prerequisite to suit, and to submit to the jury any issue of the insured's failure and refusal to submit the loss to such an appraisal.

If the loss be not total, then unquestionably the company is entitled to an appraisal and arbitration of the damages or loss, as provided for in the policy (American Central Ins. Co. v. Terry (Tex. Com. App.) 26 S.W. (2d) 162; Scottish Union & Nat. Insurance Co. v. Clancy, 71 Tex. 5, 8 S. W. 630; Id., 83 Tex. 113, 18 S. W. 439); but where the loss is total, compliance with a clause of the policy requiring an appraisement is not necessary. Ætna Ins. Co. v. Shacklett (Tex. Civ. App.) 57 S. W. 583; National Fire Ins. Co. v. House (Tex. Civ. App.) 197 S. W. 476; Liverpool, London & Globe Insurance Co. v. Colgin (Tex. Civ. App.) 34 S. W. 291. Nor, in case of total loss, is a proof of loss necessary. American Central Insurance Co. v. Terry (Tex. Com. App.) 26 S.W.(2d) 162;

Queen Ins. Co. v. Jefferson Ice Co., 64 Tex. 582.

■■ No charge on burden of proof as to issues Nos. 2 and 3 on value of property was required, nor was it necessary to find the value of such property in view of the fact that said property incurred a total loss.

We approve the holding of the Court of Civil Appeals on this subject, viz.: "It is not always necessary to give a charge on the burden of proof. The question involved was value, and on such issue no charge on burden of proof is required. Bernard's, Inc., v. Austin (Tex. Civ. App.) 300 S. W. 256; Davis v. Hill (Tex. Civ. App.) 291 S. W. 681; T. & N. O. Ry. Co. v. Syfan (Tex. Civ. App.) 43 S. W. 551. Further, since the question of the value of the property was immaterial, the findings with regard thereto were likewise immaterial."

It is our opinion that the case was correctly disposed of by the trial court and Court of Civil Appeals, and we therefore recommend affirmance of their judgments.

CURETON, Chief Justice.

Judgment of the Court of Civil Appeals is affirmed.