## UNITED STATES FIRE INS. CO. v. ADAMS et al.

### No. 1775.

Court of Civil Appeals of Texas. Eastland.

April 1, 1938.

Bean & Bean, of Lubbock, for appellant.

C. F. Sentell, of Snyder, and Vickers & Campbell, of Lubbock, for appellees.

LESLIE, Chief Justice.

Jim Adams instituted this suit against the United States Fire Insurance Company of New York to recover upon a fire insurance policy issued by that company for $1,500 covering plaintiff's house and $100 on his garage. After the issuance of the policy, the property was transferred twice with the knowledge and consent of the company, and rights as vendor's and mortgagee's interest appeared arose against the proceeds of the policy. The judgment in these latter respects is not challenged by the appeal, and the insurance company resists the plaintiff's right to recover in this suit upon the "sole ground that he had not furnished proof of loss," which it contends is a condition precedent, under the policy, to his right to sue. Appellee Adams also agrees that the above question is the only one raised on this appeal, and states the contention thus: "Is appellee * * * entitled to maintain his suit without having filed with the appellant * * * formal proof of loss?"

The question of the failure of appellee to furnish the proof of loss within 91 days after the destruction of the property was raised both by plea in abatement and in the answer on the merits. The plea in abatement was by agreement heard with the trial of the case on its merits. The trial was before the court, and the appeal is here on transcript and statement of facts. The trial court rendered a judgment in favor of the plaintiff. This, of course, overruled the plea in abatement presenting the failure of the plaintiff to file proof of loss within the time prescribed by the policy.

The policy extended from its date, November 4, 1935 (noon), till the same hour November 4, 1936. The house and garage were completely destroyed by fire April 15, 1936. This suit was instituted November 2, 1936, more than 91 days after the fire.

Immediately after the fire, the company was given notice of the destruction of the property, and an adjuster in its behalf went upon the ground for the purpose of examining the circumstances of the fire and reporting thereon to the company. The property destroyed was real estate and the loss total. The policy contained the usual provision providing that no suit or action on the policy for the recovery of any claim was sustainable in any court of law or equity until after full compliance by the insured with the various provisions of the policy, among them the making and filing with the company of proof of loss within 91 days after the fire. No such proof of loss was made.

In support of its contention that the suit is premature and judgment not warranted under the pleadings and the testimony, the appellant cites and relies upon the opinion of the Court of Civil Appeals in Providence Washington Ins. Co. v. Whitley, 71 S.W.2d 359, in which an application for writ of error was dismissed. This authority seems to support the appellant's contention, but we do not understand that under the terms of a policy like that in the instant case, and where the property is real estate and a total loss, that it is necessary, under the statute and the authorities, to make the proof of loss as a condition precedent to the right to sue and enforce the claim for insurance under the policy. Under the undisputed facts of this case, this conclusion is required by the following opinions of our Supreme Court: Queen Ins. Co. v. Jefferson Ice Co., 64 Tex. 578; American Central Ins. Co. v. Terry, Tex.Com.App., 26 S.W.2d 162; Hanover Fire Ins. Co. v. Nash, Tex.Civ.App., 67 S.W.2d 452, writ refused; Security Ins. Co. v. Vines, Tex. Civ.App., 48 S.W.2d 1017, writ refused; Continental Ins. Co. of New York v. Nabors, Tex.Civ.App., 6 S.W.2d 151, writ refused; Home Ins. Co. v. Williams, Tex. Civ.App., 84 S.W.2d 876; London & Lancashire Ins. Co. v. Higgins, Tex.Civ.App., 68 S.W.2d 1056; Westchester Fire Ins. Co. of New York v. Cannon, Tex.Civ. App., 79 S.W.2d 920; Export Ins. Co. v. Axe, Tex.Civ.App., 36 S.W.2d 572, affirmed, Tex.Com.App., 58 S.W.2d 39; Aetna Life Ins. Co. v. Tipps, Tex.Civ.App., 98 S.W.2d 375; article 4929, R.S. of Tex. 1925; 24 Tex.Jur. pp. 1089, 1090.

These authorities are in harmony with each other and definitely decide the point presented. The assignment is overruled, and the judgment of the trial court is affirmed.